Action to recover damages resulting from the death of plaintiff's intestate, alleged to have been caused by the negligent operation of an automobile by defendant on the State Highway in Rockingham County.
The issues were answered as follows:
1. Is the plaintiff the legal administrator of Robert L. Holmes, Jr., as alleged in the complaint? Answer: Yes.
2. Was the plaintiff's intestate injured and killed by the negligence of defendant, as alleged in the complaint? Answer: Yes.
3. Did the plaintiff's intestate by his own negligence contribute to his own injury and death, as alleged in the answer? Answer: No.
4. What damages, if any, is the plaintiff entitled to recover of the defendant by reason of the injury and death of plaintiff's intestate? Answer: $10,000. *Page 471 
From judgment in accordance with the verdict, defendant appealed to the Supreme Court.
Defendant in his answer denies the allegation in the complaint that plaintiff is the lawfully appointed and legally qualified administrator of the deceased, Robert L. Holmes, Jr. He alleges that at the time of his death, deceased was domiciled in Rockingham and not in Alamance County. He contends that the appointment of plaintiff as administrator of Robert L. Holmes, Jr., deceased, by the clerk of the Superior Court of Alamance County was void, for that said deceased was not at or immediately previous to his death, domiciled in Alamance County. C. S., 1, subsec. 1.
Upon the issue thus raised by the pleadings, and submitted to the jury at the trial, plaintiff offered as evidence the record in the office of the clerk of the Superior Court of Alamance County of the appointment and qualification of plaintiff as administrator of his intestate. It appears from said record that it was satisfactorily proven to said clerk that Robert L. Holmes, Jr., late of Alamance County, is dead, and that Robert L. Holmes, plaintiff herein, is entitled to the administration of the estate of the deceased. Upon the qualification of plaintiff as administrator, according to law, pursuant to his appointment, the letters of administration, which were offered in evidence by the plaintiff, were duly issued to him.
The foregoing record and letters of administration were proven by the clerk of the Superior Court of Alamance County, who testified as a witness for plaintiff with respect thereto. Upon his cross-examination of this witness defendant undertook to show that at the time of his death the deceased was not domiciled in Alamance County. Plaintiff objected to all questions addressed to the witness for the purpose of attacking the validity of the letters of administration. These objections were sustained and defendant excepted. In response to questions addressed to them by the court, defendant's counsel stated that it was their purpose during the progress of the trial of this action to attack the validity of the letters of administration, issued to the plaintiff by the clerk of the Superior Court of Alamance County, upon the ground that said letters, and the order pursuant to which they were issued, were void, for that deceased, at the time of his death, was not domiciled in said county, and that the clerk of the Superior Court of said county, for that reason, was without jurisdiction. The court thereupon *Page 472 
announced that he would rule that evidence to that effect was incompetent, and that same would be excluded. Defendant excepted to this ruling, and in deference thereto offered no evidence with respect to the domicile of the deceased at and immediately preceding his death.
Defendant's first assignment of error upon his appeal to this Court is based upon his exceptions to the refusal of the court to permit him to offer evidence that at his death plaintiff's intestate was not domiciled in Alamance County, and thus to attack collaterally, in this action, the validity of plaintiff's appointment and qualifications as administrator of deceased. This assignment of error cannot be sustained. The ruling of the court upon the trial is sustained by the decision of this Court in Tyer v.Lumber Co., 188 N.C. 274, in which it is held that jurisdiction with respect to the appointment of an administrator of a deceased person, when once acquired, cannot be collaterally impeached. In support of this decision Batchelor v. Overton, 158 N.C. 396, is cited in the opinion written by Adams, J. In that case Fann v. R. R., 155 N.C. 136, is cited with approval. In the latter case Hoke, J., writing for the Court, says: "In this day and time, and under our present system, it seems to be generally conceded that the decrees of probate courts, when acting within the scope of their powers, should be considered and dealt with as orders and decrees of courts of general jurisdiction, and where jurisdiction over the subject-matter of inquiry has been properly acquired that these orders and decrees are not as a rule subject to collateral attack. The facts very generally recognized as jurisdictional are stated in Revisal 16 (now C. S., Art. I, sec. 1) to be that there must be a decedent; that he died domiciled in the county of the clerk where application is made, or that, having his domicile out of this State, he died out of the State, leaving assets in such county or assets have thereafter come into such county; having his domicile out of the State, he died in the county of such clerk, leaving assets anywhere in the State, or assets have thereafter come into the State, and where on application for letters of administration, these facts appear of record, the question of the qualification of the court's appointee cannot be collaterally assailed." See, also, Wharton v. Ins. Co.,178 N.C. 135, and Reynolds v. Cotton Mills, 177 N.C. 412.
In the instant case, the facts upon which the clerk of the Superior Court of Alamance County acquired jurisdiction with respect to the administration of the estate of Robert L. Holmes, Jr., appear upon the record, to wit: (1) that the date of the application for letters of administration upon his estate, he was dead; and (2) that at the date of his death, or immediately previous thereto, he was domiciled in said county. These jurisdictional facts having been satisfactorily proven to *Page 473 
the court, it exercised its statutory jurisdiction, and made the appointment and issued to its appointee letters of administration. Its jurisdiction with respect to the subject-matter cannot be impeached collaterally, except by allegation and proof that at the date of the application for letters of administration upon the estate of Robert L. Holmes, Jr., he was not dead. In that event the court would have had no jurisdiction with respect to the administration of his estate, and its appointment of plaintiff as his administrator would be void. The order making the appointment being void, could be attacked collaterally. Clark v.Homes, 189 N.C. 703, and cases cited in the opinion of Varser, J. The order appointing plaintiff as administrator of the deceased, is not subject to collateral attack, however, upon the ground that deceased was not domiciled at or immediately previous to his death in Alamance County. The finding of fact by the court, with respect to the domicile of deceased is conclusive, in this action. Such finding could be questioned only by direct attack upon the validity of the order appointing plaintiff as administrator of his intestate. The ruling of the Court is sustained by authoritative decisions of this Court and is in accord with well sustained principles. It is supported by a sound public policy.
The statute in this State with respect to probate jurisdiction presumes, of course, that the person upon whose estate letters of administration are sought, is dead at the time application for such letters is made. No court has probate jurisdiction of the estate of a living person — that is, jurisdiction to probate his will, or to grant letters testamentary or letters of administration with the will annexed, or letters of administration in cases of intestacy. Such jurisdiction, in the very nature of the case, can be exercised only when the person is dead. Therefore, the death of the person upon whose estate letters of administration are sought, is in all cases a jurisdictional fact, in the absence of which no court can make a valid order with respect to the administration. Letters of administration may be attacked collaterally upon the ground that the court was without jurisdiction to issue them, for that the person alleged to be dead, at the date of the application was in fact then living.
When, however, the death of the person upon whose estate the letters were issued, is admitted or proven, the statute confers jurisdiction upon the clerks of the Superior Court of the several counties of the State. The clerk in each county, has jurisdiction in probate matters, within his county when certain facts, as set out in the statute, have been established. When these facts are found by the clerk upon application to him for the issuance of letters of administration, he proceeds at once to exercise his statutory jurisdiction. The validity of his orders, made in *Page 474 
the exercise of such jurisdiction, cannot be impeached, collaterally, by evidence tending to show that the facts with respect to the domicile of the deceased, etc., are otherwise than as found by him. His jurisdiction in so far as it is dependent upon the facts set out in the statute, is conclusive, unless made the subject of a direct attack by a party in interest.
Plaintiff's intestate sustained his fatal injuries when a truck which he was driving on a State Highway in Rockingham County, struck a post standing on the side of the highway. Evidence offered by the plaintiff tended to show that immediately before the truck struck the post defendant, who was driving an automobile on said highway, just ahead of the truck, by his negligent operation of the automobile, caused plaintiff's intestate to swerve from the highway in order to avoid striking the automobile with the truck, thereby causing said intestate to lose control of the truck, with the result that it struck the post, thus causing his injuries and death. The evidence further tended to show that but for the act of plaintiff's intestate in swerving the truck from the hard surface of the highway, it would have struck defendant's automobile, and probably caused serious, if not fatal, injuries to defendant.
Defendant excepted to the exclusion by the court, upon plaintiff's objections, of testimony of several witnesses, to the effect that immediately after the truck struck the post, and after plaintiff's intestate had sustained his fatal injuries, he made a statement that there were no brakes on the truck, and that he had so informed his father, the plaintiff, that morning; that he was unable to control the truck because it had no brakes. Assignment of error based upon these exceptions are not sustained.
No statements of deceased with respect to the condition of the brakes on the truck, tending to show that such condition was the cause of the injuries, which he had sustained prior to the making of such statements, are admissible upon the principle of pars rei gestae. Such statements, upon the facts appearing in this record, were not spontaneous declarations uttered at the time of the occurrence, but were narrative in character, made after the occurrence which had resulted in the injuries. They do not come within the exception to the rule excluding hearsay testimony as evidence. Young v. Stewart, 191 N.C. 297, and cases there cited.
Nor can such statements be held competent as declarations against interest. Whatever may be the holding in other jurisdictions, this Court has held in Dowell v. City of Raleigh, 173 N.C. 197, with respect to actions for wrongful death, that while the statute requires the personal representative of the deceased to bring action for damages for such death, he acts in such respect in the nature of a trustee for the *Page 475 
beneficiaries under the statute, the right of action depending entirely upon the statute, operating after the death, in which decedent can have no interest; and that, therefore, the declarations of the decedent made as to the character or cause of the occurrence are inadmissible as substantive evidence.
The authorities sustaining this holding, and the principles supporting these authorities are set out and discussed by Walker, J., in his opinion in Dowell v. City of Raleigh. This case has been cited with approval inAvery v. Brantley, 191 N.C. 399.
The statements of the deceased offered as evidence were not admissible as dying declarations, under C. S., 160. It does not appear that such statements were made under conditions which are required for the admission of dying declarations as an exception to the rule excluding hearsay testimony as evidence. S. v. Franklin, 192 N.C. 723. The dying declarations of a deceased person for whose death an action has been brought under C. S., 160, is competent as evidence, provided the preliminary facts are made to appear. Southwell v. R. R., 189 N.C. 417. Otherwise they are not admissible.
We have examined the other assignments of error, relied upon by defendant upon his appeal to this Court, and discussed at length in the briefs. These assignments of error are based chiefly upon exceptions to instructions of the court in the charge to the jury, and upon exceptions to the refusal of the court to give instructions as prayed by defendant. They cannot be sustained. It is needless to discuss them seriatim. We find no error on the record. There was sharp conflict in the evidence pertinent to the issues which involve defendant's liability for the death of plaintiff's intestate. There was no motion for judgment as of nonsuit, and as we find no error in matters with respect to which this Court has jurisdiction, the judgment is affirmed.
No error.