LILLIAN COLEY, BY AND THROUGH HER NEXT FRIEND, A. E. COLEY, v.
E. E. PHILLIPS.

(Filed 8 November, 1944.)

**1. Evidence § 42b—**

   For a declaration to be competent as part of the *res gestœ*, at least three qualifying conditions must concur: (a) The declaration must be of such spontaneous character as to preclude the likelihood of reflection and fabrication; (b) it must be contemporaneous with the transaction, or so closely connected with the main fact as to be practically inseparable therefrom; (c) and must have some relevancy to the fact sought to be proved. If not of this character, its mere nearness to the transaction in point of time has no significance.

**2. Same: Negligence § 13b—**

   In an action, by the next friend of an infant eight years of age against defendant, to recover for injuries sustained in a collision with defendant's

automobile, allegedly caused by the negligence of the defendant, who pleaded contributory negligence, evidence that the child's mother came, half crying, upon the scene within two minutes of the accident, and said, "I have told her about crossing that highway a number of times," is not competent as part of the *res gestæ*, and there could be no imputed negligence.

**3. Negligence § 20—**

In the court charge, in an action to recover for personal injuries, allegedly caused by negligence of defendant—Upon the issue of contributory negligence the test is: Did plaintiff fail to exercise that degree of care which a reasonably prudent person would have exercised or employed under the same or similar circumstances to avoid injury and was such failure proximate cause of the injury? That is what is negligence for defendant. The corresponding negligence of plaintiff is called contributory negligence. We refer to it as negligence when alleged against the defendant, and contributory negligence when alleged against plaintiff— whose negligence need only to contribute as proximate cause, to defeat recovery—there is no reversible error, when the same was rendered harmless by more particular instructions given thereafter.

APPEAL by defendant from *Stevens, J.,* at February Civil Term, 1944, of WAKE.

*Bunn & Arendell for appellee, plaintiff.*
*John W. Hinsdale for appellant, defendant.*

SEAWELL, J. This action was brought by the plaintiff, through her next friend, to recover for an injury sustained in a collision with defendant's automobile, alleged to have been caused by the negligence of the defendant. In his answer, the defendant pleaded contributory negligence on the part of the plaintiff—at the time a child eight years of age.

There is much conflicting evidence as to the behavior of both plaintiff and defendant in the unfortunate experience, but the sufficiency of the evidence to go to the jury, both on the issue of defendant's negligence and that of contributory negligence of plaintiff, is not questioned. Both issues were submitted to the jury, and answered in favor of the plaintiff.

The defendant's appeal involves only two exceptions: The one to the exclusion of evidence supposed to be material on the issue of contributory negligence; and the other, to an instruction to the jury on the same subject. Other exceptions are abandoned or are formal.

(1) It was in evidence through defendant's witness, Finley, that "a few seconds" after the child was hit the father came up out of the field, and "within two minutes" the mother came and was half crying. The witness was asked: "What did the mother say, if anything?" This was excluded on plaintiff's objection. If permitted to answer the witness would have said: "The mother stated, 'I have told her about crossing

that highway a number of times.' " The defendant contends that this statement, made by the stricken mother within two minutes of the occurrence, is a part of the *res gestœ;* and is material, as showing that the child was negligent on this occasion, or had been guilty of violating repeated warnings.

Since the mother, according to the evidence, did not see the collision at all, and knew nothing about the circumstances, or the behavior either of the child or the defendant, it is difficult, indeed, to see how the declaration was "the facts talking through the party"—to use the shorthand expression of the test as given in 32 C. J. S., p. 45, sec. 417, and in 20 Am. Jur., p. 556, sec. 662, and in *Batchelor v. Atlantic Coast Line R. Co.,* 196 N. C., 84, 144 S. E., 542. If the mother was attempting to say she had performed her own duty, that fact had no relation to the issue; if she intended to admit or suggest the negligence of the child, not only was she not competent to do so in this way, but she could only have been a party "talking about the facts" and facts of which she knew nothing.

For a declaration to be competent as part of the *res gestœ,* at least three qualifying conditions must concur : (a) The declaration must be of such spontaneous character as to be a sufficient safeguard of its trustworthiness; that is, preclude the likelihood of reflection and fabrication; 32 C. J. S., pp. 45, 46, *supra;* instinctive rather than narrative; *Queen v. Ins. Co.,* 177 N. C., 34, 97 S. E., 741; *Summerrow v. Baruch,* 128 N. C., 202, 38 S. E., 861; (b) it must be contemporaneous with the transaction, or so closely connected with the main fact as to be practically inseparable therefrom; *Queen v. Ins. Co., supra;* and (c) must have some relevancy to the fact sought to be proved. It must be remembered that to be admissible the declaration must be *a part* of the *res gestœ* —not merely *amongst* the *res gestœ*—that is, it must be so interwoven into the transaction that it may be vested with the significance of a fact— that is, one of the *"res gestœ"* or "things done." They are called "verbal facts" or "verbal acts." 20 Am. Jur., Evidence, sec. 664. If not of this character, its mere nearness to the transaction in point of time has no significance.

No rule of universal application can be devised as to the time element; but the principle of relevancy to the fact sought to be proved by it admits of no relaxation. *Holmes v. Wharton,* 194 N. C., 470, 140 S. E., 93, 76 A. L. R., 1125 (Anno.).

When the mother arrived, the transaction out of which the injury arose was a *fait accompli*—she was not then, and had not been, any part of it in the sense that the facts might speak through her. In this particular instance the declaration, if it had any significance beyond a mere

fear that her cautions had been disregarded, merely expressed an opinion which would have been incompetent even if presented in the form of testimony. *Field v. North Coast Transportation Co.* (Wash., 1931), 76 A. L. R., 1114. No allegation of contributory negligence on the part of the mother has been made in the answer, and there is no evidence of any. There could be no imputed negligence.

(2) The court instructed the jury as to what constituted contributory negligence, as follows:

"Upon the issue of contributory negligence the test is: Did the plaintiff fail to exercise that degree of care which a reasonably prudent person would have exercised or employed under the same or similar circumstances to avoid injury and was such failure to do so the proximate cause of the injury sustained? That is what is negligence for the defendant. The corresponding negligence of the plaintiff is called contributory negligence. We refer to it as negligence when alleged against the defendant. When alleged against a plaintiff we call it contributory negligence." The defendant objects to the interpolation of the sentence: "That is what is negligence for the defendant," contending that it is ambiguous and misleading.

The purpose of the court doubtless was to simplify the definition of contributory negligence of the plaintiff by similarizing it to the negligence of which the defendant might be charged. The same comparison has frequently been made by this Court in the interest of clarity; *Liske v. Walton,* 198 N. C., 741, 153 S. E., 318; *Templeton v. Kelley,* 215 N. C., 577, 2 S. E. (2d), 696; *Sebastian v. Horton Motor Lines,* 213 N. C., 770, 197 S. E., 539. Whatever inexactness or confusion might have resulted from the form in which this general instruction was given was rendered harmless by the more particular instruction later given to the jury, appearing on p. 57 of the record, and applied to the facts on the issue of contributory negligence:

"Now, this issue presents for your consideration and determination the question of fact as to whether or not the plaintiff, Lillian Coley, is guilty of what the law calls contributory negligence. The defendant in this case alleges that the plaintiff was guilty of contributory negligence, that is, that the plaintiff was negligent and that such negligence on the part of the plaintiff was a proximate cause of the plaintiff's injury. The plaintiff, of course, denies this. The law contemplates that every person having the capacity to exercise reasonable care for his own protection against injury will do so. If he fails to exercise such care and such failure concurring and co-operating with the actionable negligence of the defendant contributes to the injury complained of as a proximate cause, then he is guilty of contributory negligence; so, in this case she would be."

Considering that the plaintiff was a child eight years old, this instruction is more favorable to the defendant than he could have demanded, without a proper explanation, which the court later on gave.

The exceptions disclose

No error.