CAROLYN W. THORNTON, WIDOW AND NEXT FRIEND OF ROBERT DuRANT
   THORNTON, JR., AND JAMES HUNT THORNTON, MINOR CHILDREN OF
   ROBERT DuRANT THORNTON, DECEASED v. J. A. RICHARDSON
   COMPANY, INC., EMPLOYER, AND UNITED STATES FIDELITY &
   GUARANTY COMPANY, CARRIER.

(Filed 21 November 1962.)

**Master and Servant § 54—**

   The evidence in this case held sufficient to support the finding of the
Industrial Commission that the death of a traveling salesman occurring
at 2:40 a.m., after the salesman had left on a trip begun about midnight,
did not arise out of and in the course of his employment, there being no
evidence that the trip in question had any connection with the employ-
ment.

APPEAL by plaintiffs from *Mallard, J.,* May Regular Civil Term
1962 of WAKE.

This proceeding was instituted before the North Carolina Industrial
Commission to recover benefits under the Workmen's Compensation
Act for the death of Robert DuRant Thornton, which death resulted
from injuries received in an automobile collision occurring at 2:40 a.m.
on the morning of 18 May 1961.

The deceased prior to his death was employed as a traveling sales-
man by J. A. Richardson Company, Inc., food broker or manufacturers'
agent, working at or from its place of business in Raleigh, North
Carolina. His employer furnished him a station wagon for his use as
its salesman. All traveling expenses, including meals and lodging, were
paid by the defendant employer.

On Monday, 15 May 1961, the deceased left Raleigh about 8:00
a.m. for Wilmington, North Carolina, where he did some work and
spent the night. On Tuesday, 16 May 1961, he proceeded to Whiteville,
North Carolina, arriving there about 7:30 p.m. at the home of Mrs.
Elizabeth Brooks, a cousin, with whom he spent the night. On Wednes-
day, 17 May 1961, he worked in Whiteville; on Thursday, 18 May
1961, his itinerary called for him to go from Whiteville through the
towns of Bladenboro, Elizabethtown and Clarkton on his return route
to Raleigh where he was to attend a meeting of the Raleigh Sales
Executive Club that night.

On Wednesday evening, 17 May 1961, the deceased, Robert DuRant
Thornton, returned from his work in Whiteville to the home of his
cousin, where he was staying, about 6:30 p.m. After dinner, deceased
took his cousin's son bowling. At the bowling alley the deceased met
one James White. The deceased, his young cousin, and White bowled
a few games and the deceased suggested to White that they go to a
ball game. The deceased took his cousin home, left his car and joined

White, who had followed them. The game was about over when they arrived at the ball park and White took the deceased back to the Brooks home about 10:30 or 11:00 p.m. The deceased got into his car and left again and returned to the Brooks home about midnight. Thereafter, Mrs. Brooks heard him leave again in his car, and at 2:40 a.m. while the deceased was driving north on Highway No. 17 in South Carolina, about one quarter mile south of the North Carolina line, his vehicle was in a head-on collision with an oncoming truck, causing injuries resulting in the immediate death of the deceased.

The hearing commissioner heard the evidence and concluded as a matter of law that the deceased employee was not injured by accident arising out of and in the course of his employment. Claim for compensation was denied.

On appeal, the full commission adopted as its own the findings of fact and conclusions of law of the hearing commissioner and upheld the ruling of the hearing commissioner.

The matter was appealed to the Superior Court where the appellants' exceptions were overruled and the order of the Industrial Commission affirmed.

The plaintiffs appeal, assigning error.

*Ruark, Young, Moore & Henderson for appellants.*
*Thomas A. Banks, R. L. Savage for appellees.*

PER CURIAM. There is no evidence in the record tending to show that the deceased had any duties to perform for his employer in the vicinity where the fatal accident occurred and at the time of night it occurred. Moreover, the findings of fact by the Industrial Commission are supported by competent evidence and support its conclusion of law that the deceased's injuries resulting in death did not arise out of and in the course of his employment.

The ruling of the court below upholding the decision of the Industrial Commission is affirmed on authority of *Little v. Brake Co.,* 255 N.C. 451, 121 S.E. 2d 889, and the case of *Sandy v. Stackhouse Incorporated, ante,* 194, and cases cited therein.

Affirmed.