Gay v. Supply Co.

JOYCE N. GAY, WIDOW AND JOYCE N. GAY, NEXT FRIEND OF SANDRA GAY, THE MINOR CHILD OF JOSEPH H. GAY, DECEASED (EMPLOYEE) v. GUARANTEED SUPPLY COMPANY, INC., (EMPLOYER) AND AETNA CASUALTY & SURETY COMPANY, INSURER

No. 7118IC472

(Filed 4 August 1971)

1. **Master and Servant § 93; Rules of Civil Procedure § 26— adverse examination of defendant's president — admissibility**

    In a workmen's compensation hearing held on 28 May 1970, the admissibility of an adverse examination of defendant's president taken on 2 January 1968 was governed by G.S. 1A-1, Rule 26(d)(1), and portions of the adverse examination offered by plaintiffs should have been received in evidence, notwithstanding defendant's president had testified in one of the hearings and resided within 75 miles of the hearing site.

2. **Evidence § 11— opening the door to testimony of telephone conversation with decedent**

    In a workmen's compensation proceeding in which plaintiff contended that the employee's death in an automobile accident occurred while he was returning home on a weekend from his job site in Kentucky not only to see his family but also in connection with his employer's business, defendant's cross-examination of the deceased employee's widow as to whether the employee had told her in a telephone conversation that he was coming home to bring her a new car "opened the door" for the admission of the widow's previously excluded testimony that the employee had told her by telephone that his employer's president "had asked him to come in," and plaintiff's reoffer of the excluded testimony was improperly refused.

3. **Evidence § 33; Master and Servant § 93— workmen's compensation — exclusion of hearsay testimony**

    In this workmen's compensation proceeding, the hearing commissioner did not err in the exclusion of testimony that two days before the accident the employee had received a telephone call and had told the witness that his employer's president had called and "he guessed he would go home; he wanted him to come in something about the job."

4. **Evidence §§ 11, 33; Master and Servant § 93— workmen's compensation — declaration of decedent showing intention — exception to hearsay rule**

    In this workmen's compensation proceeding in which plaintiff contended that the employee's death in an automobile accident occurred while he was returning home on a weekend from his job site in Kentucky not only to see his family but also in connection with his employer's business, testimony that on the afternoon before the fatal accident that night the witness was with the employee in a motel and that the employee said he had to "go in" because his employer's

president "wanted him to bring some papers," *held* admissible as an exception to the hearsay rule permitting the admission of declarations of a decedent to show his intention.

APPEAL by plaintiffs from award of the North Carolina Industrial Commission filed 23 November 1970.

Plaintiffs attempt to recover benefits under the Workmen's Compensation Act which they contend are due them because of the death of Joseph H. Gay (Joseph). They contend that Joseph's death was caused by accident arising out of and in the course of his employment with defendant employer.

The stipulations and evidence tended to show: Joseph was employed by defendant employer, a Greensboro contractor, as a job foreman. He made his home with his family in Greensboro. In September 1967, defendant employer sent Joseph to Richmond, Kentucky, to recruit labor and supervise the repair of certain Army facilities near Lexington, Kentucky. Joseph furnished his own transportation from Greensboro to Kentucky. He was employed at a weekly salary of $175.00 and, in addition, defendant employer paid all his living expenses while in Kentucky, all gas, oil and maintenance expenses on his pickup truck which was used in connection with the Kentucky project; Joseph was also paid ten cents per mile for driving his vehicle to Kentucky and was promised a minimum of one round trip plane ticket monthly from Kentucky to Greensboro.

Joseph returned to Greensboro on alternate weekends. Plaintiffs contend these trips were not only for Joseph to see his family but in connection with employer's business. On the weekend of 18 November 1967 while returning to Greensboro in his own automobile, at around 12:10 a.m., his car went over the side of a mountain on a curve near Boone, N. C., and he was fatally injured.

After several hearings, the hearing commissioner entered an order in which he found and concluded that Joseph's accidental death did not arise out of and during the course of his employment. The full commission approved the order of the hearing commissioner and plaintiffs appealed.

*Narron, Holdford & Babb by Talmadge L. Narron for plaintiff appellants.*

*Smith, Moore, Smith, Schell & Hunter by Richmond G. Bernhardt, Jr., for defendant appellees.*

BRITT, Judge.

[1] Plaintiffs first assign as error the hearing commissioner's refusal to admit portions of an adverse examination of E. J. Sachs, employer's president and general manager. The record indicates that the hearing commissioner regarded the adverse examination as a deposition and refused to admit portions offered by plaintiffs for that Mr. Sachs had testified in one of the hearings and resided within 75 miles of the place of the hearing. Plaintiffs contend that while the adverse examination (or deposition as claimed by defendants) was taken on 2 January 1968 that it was offered into evidence at a hearing on 28 May 1970, therefore, the admissibility was governed by Rule 26(d)(1) of the Rules of Civil Procedure, G.S. 1A-1.

The assignment of error is sustained. We think Rule 26(d)(1) applies and that the portions of the Sachs' examination offered by plaintiffs should have been received in evidence. G.S. 1A-1. Ch. 954, Sec. 10, 1967 Session Laws as amended by Ch. 803, Sec. 1, 1969 Session Laws.

[2] Plaintiffs assign as error the exclusion of certain testimony of the widow. Plaintiffs offered testimony of Mrs. Gay to the effect that on Thursday night prior to the fatal accident on Friday night, Joseph called her over the telephone from Kentucky; that he called to let her know that he would be home that weekend; that there had been a change in plans; "that Mr. Sachs had asked him to come in." The obvious purpose of the testimony was to show that Joseph was coming to Greensboro not only to see his family but at the request of his employer. The hearing commissioner sustained defendants' objection to the testimony but permitted it entered into the record. Thereafter defendants' counsel cross-examined Mrs. Gay about the telephone conversation; defense counsel asked her if her husband did not state that he was coming home for purpose of bringing Mrs. Gay a new car. Following the cross-examination, plaintiffs reoffered Mrs. Gay's direct testimony, contending that the cross-examination regarding the telephone conversation made the portion offered by plaintiffs admissible.

The assignment of error is sustained. When defendants' counsel attempted by cross-examination of Mrs. Gay to establish defendants' contention as to why Joseph was coming home on the night of his death, counsel "opened the door" as to the por-

tion plaintiffs sought to introduce. Stansbury N. C. Evidence, Second Edition, Sec. 75 and cases therein cited. The instant case is clearly distinguishable from *Shelton v. Railroad,* 193 N.C. 670, 139 S.E. 232 (1937) because here defendant's objection to the testimony had been sustained and there was no reason for cross-examination regarding it.

[3] Plaintiffs assign as error the refusal of the hearing commissioner to admit into evidence testimony of Marvin Farmer relating to a telephone call allegedly received by Joseph on Wednesday evening from Mr. Sachs. Over defendants' sustained objection, Farmer testified for the record that he and Joseph were eating supper, that the manager of the motel came over and told Joseph that he had a long distance phone call; that in a few minutes Joseph returned and stated that Sachs had called and "he guessed he would go home; he (Sachs) wanted him to come in something about the job." This evidence was clearly inadmissible and the assignment of error is overruled.

[4] Plaintiffs assign as error the exclusion of testimony by Connie Baines to the effect that on Friday afternoon before the fatal accident that night, he was with Joseph at a motel in Kentucky; that he (Baines) left in another automobile a few minutes before Joseph left; that Joseph said that he had to "go in because Mr. Sachs wanted him to bring some papers." Plaintiff contends that this evidence was admissible as part of the *res gestae.*

The assignment of error is sustained. We hold that the evidence was admissible but not necessarily as a part of the *res gestae.* The evidence appears to meet the requirements set forth in *Little v. Brake Company,* 255 N.C. 451, 121 S.E. 2d 889 (1961) ; moreover, it is strikingly similar to the evidence which the Supreme Court declared admissible in the very recent case of *State v. Vestal,* 278 N.C. 561, 180 S.E. 2d 755 (1971). In *State v. Vestal, supra,* in the opinion written by Lake, Justice, we find the following: "The sound basis for its admission is not the *res gestae* doctrine, but the exception to the hearsay rule permitting the admission of declarations of a decedent to show his intention, when the intention is relevant *per se* and the declaration is not so unreasonably remote in time as to suggest the possibility of a change of mind."

In their remaining assignments of error, plaintiffs contend that the hearing commissioner erred (1) in failing to make

certain findings of fact, and (2) in making erroneous findings. In view of our disposition of this appeal, we find it unnecessary to pass upon these assignments.

Taking into consideration the aggregate of the evidence we think was erroneously excluded, we cannot say that plaintiffs were not prejudiced thereby; therefore, we vacate the order appealed from and remand the proceeding to the Industrial Commission. In its further deliberations the commission will consider the evidence offered by plaintiffs and declared by us to have been erroneously excluded.

Error and remanded.

Judges MORRIS and PARKER concur.