STATE OF NORTH CAROLINA v. FLOYD Z. HIGGENS
(ALIAS FLOYD ROBINSON)

No. 7217SC737

(Filed 25 October 1972)

1. **Criminal Law §§ 73, 77— declaration of prosecuting witness — admissibility as res gestae**

In a prosecution for kidnapping and armed robbery, the trial court properly admitted as part of the *res gestae* testimony of a third person as to the prosecuting witness's statement that defendant was going to kill her.

2. **Criminal Law § 50— emotional state of victim — opinion testimony admissible**

Testimony of a third person as to the prosecuting witness's emotional state immediately following the commission of the offense was properly admitted in the trial court as a lay witness may give his opinion as to the emotions displayed by a given person on a given occasion.

CERTIORARI to review trial before *Martin, Judge,* 9 August 1971 Session of Superior Court held in SURRY County.

Defendant was convicted on indictments charging kidnapping and armed robbery. We allowed certiorari to perfect a late appeal.

The State's evidence tended to show that defendant, armed with a pistol, forced a young married female to enter her own car, give the defendant six dollars from her purse and drive him approximately twenty miles into the country. Defendant then told his victim that he would have to kill her because she could identify him. In an effort to escape, the victim deliberately collided with an oncoming car, jumped out of her own vehicle and ran to the other vehicle screaming, "He is going to kill me." The driver of the other car testified that the prosecuting witness was "begging and pleading" for help and "she was just wild."

Defendant admitted riding with the prosecuting witness but asserted that it was with her consent and that they had made a "date" to meet and go out together.

Judgment was entered imposing a prison sentence in each case.

*Attorney General Robert Morgan by Associate Attorney Edwin M. Speas, Jr., for the State.*

*Hiatt & Hiatt by V. Talmage Hiatt for defendant appellant.*

VAUGHN, Judge.

We note at the outset that defendant's name is spelled variously throughout the original record as "Higgens," "Higgins" and "Heggins" while his alias is given as both "Robertson" and "Robinson." However, no contention has been raised to the effect that defendant and the person referred to in the warrants,

indictments, affidavit of indigency and commitment orders, *et al.,* are not one and the same person.

[1] Defendant challenges the admissibility of the testimony of the driver of the car with which the victim's auto collided to the effect that the prosecuting witness ran up to her screaming, "He is going to kill me." The test of evidence submitted under the *res gestae* doctrine is set out in *Coley v. Phillips,* 224 N.C. 618, 31 S.E. 2d 757. We find, and so hold, that this testimony meets the three qualifications required of testimony to be admissible under the *res gestae* exception to the hearsay evidence rule and it was properly admitted.

[2] Defendant contends that it was error to accept the driver's conclusions as to the prosecuting witness' emotional state and behavior at the time of the collision. The long-standing rule in North Carolina is that a lay witness may give his opinion as to, among other things, the emotions displayed by a given person on a given occasion. Stansbury, N. C. Evidence 2d, § 129. The testimony of the driver accepted by the court was not in conflict with this rule. All of defendant's assignments of error directed to the admission of the other driver's testimony are overruled.

Defendant brings forward numerous other assignments of error, all involving well-established principles of law and none of them disclose prejudicial error.

No error.

Judges HEDRICK and GRAHAM concur.