STATE *v.* WERST.

### STATE v. O. L. WERST.

(Filed 9 June, 1950.)

**1. Criminal Law § 52a (2)—**

Where the evidence for the prosecution is sufficient to make out a case, nonsuit on the ground that the defendant's evidence tends to establish a defense is properly denied. G.S. 15-173.

**2. Criminal Law § 81c (3)—**

Any error in the exclusion of testimony is rendered harmless when the witness is later permitted to give the testimony.

**3. Criminal Law § 81c (2)—**

The charge will be read as a whole.

APPEAL by defendant from *Clement, J.,* and a jury, at the January Term, 1950, of FORSYTH.

The defendant was charged with feloniously assaulting Hattie D. Cook with a deadly weapon, to wit, a pistol, with intent to kill, and inflicting upon her serious injury not resulting in death. G.S. 14-32. The State offered evidence tending to show that the accused angrily, intentionally, and unnecessarily discharged his 32-caliber pistol into a small group of inoffending persons, and thereby seriously wounded the prosecuting witness. The defendant presented evidence, indicating, however, that the prosecuting witness sustained her injury while the accused was reasonably endeavoring to prevent her and a multitude of companions from trespassing upon his premises. The jury acquitted the defendant of the felonious assault and battery charged in the indictment, but convicted him of a less degree of that crime, to wit, an assault with a deadly weapon. G.S. 15-169. Judgment was pronounced on the verdict, and the defendant appealed, assigning the refusal of the trial judge to dismiss the prosecution upon a compulsory nonsuit, the rejection of certain testimony of his witness, Velma Smoot, and various portions of the charge as error.

*Attorney-General McMullan, Assistant Attorney-General Moody, and John R. Jordan, Jr., Member of Staff, for the State.*
*Whitman & Motsinger for defendant.*

ERVIN, J.  The testimony of the prosecution was sufficient to take the case to the jury and to support the verdict for the State.  *S. v. Cancelmo,* 86 Or. 379, 168 P. 721.  Consequently the court rightly refused to dismiss the action upon a compulsory nonsuit under G.S. 15-173.  Whatever error the court below may have committed in temporarily excluding the evidence of the defendant's witness, Velma Smoot, as to the circumstances confronting the accused at the time in controversy was rendered harmless when the same evidence was subsequently given by the same witness without objection on her further examination.  *Eaves v. Coxe,* 203 N.C. 173, 165 S.E. 345.  When it is read as a whole, the charge is free from legal error.  *Wyatt v. Coach Co.,* 229 N.C. 340, 49 S.E. 2d 650.

For the reasons given, the trial and sentence are sustained.

No error.