STATE v. WILLEY JAMES TYSON.

(Filed 21 September, 1955.)

**1. Homicide § 17—**

>   Where there is testimony that defendant fired several shots in the direction of the door of a room, evidence that a bullet hole was found in the door and that a bullet was found lying on the sill below the hole, is competent for the purpose of corroboration.

**2. Criminal Law § 81c (3)—**

>   The exclusion of evidence cannot be held prejudicial when the same witness immediately thereafter testifies to substantially the same facts, and further, the evidence is merely cumulative of other testimony.

**3. Criminal Law § 78d (3) : Trial § 15—**

>   Where only part of the answer of a witness is objectionable as hearsay, the objecting party should single out the objectionable part of the answer and make only that part the subject of his motion to strike.

**4. Criminal Law § 81c (3)—**

>   Where only part of the answer of a witness, elicited on defendant's cross-examination, is objectionable as hearsay, the refusal of a motion to strike will not be held for prejudicial error when the same witness thereafter testifies to the same facts without objection, and in view of all the testimony, the hearsay statement is too insignificant to have affected the result.

**5. Criminal Law § 53f: Trial § 31e—**

    An instruction by the court to the effect that the court had not undertaken to recite all the evidence but only the substance of the evidence on both sides necessary to enable the court to explain and apply the law, but that it was the duty of the jury to remember and consider all of the evidence on both sides, and if its recollection differed from the court's statement, to be guided by its own recollection, *is held* not to contain an expression of opinion on the evidence by the court, but to be in strict compliance with G.S. 1-180.

**6. Homicide § 27f—**

    Where the evidence discloses that the fatal encounter was provoked by an insult or assault made upon the woman escorted by the deceased, and there is ample evidence tending to show that defendant used excessive force and continued to shoot after deceased had attempted to turn and run out the door, there is sufficient evidence to justify the jury in finding that defendant was not without fault, and therefore it is proper for the court to charge the jury that a defendant cannot justify a slaying on the ground of self-defense unless he is without fault.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.

APPEAL by defendant from *Bone, J.,* April Criminal Term, 1955, PITT. No error.

Criminal prosecution under a bill of indictment in which it is charged that defendant did feloniously kill and murder one Henry Daniels.

The evidence for the State tends to show that on the night of 29 October 1954 the defendant and the deceased were guests at a "juke joint" in Pitt County known as the "Honey Hush," which is composed of two rooms connected by a hall. When Ardelia Cox, Leon Gilbert, and the deceased entered the back room, the defendant was there. He pulled Ardelia Cox's coat, and this resulted in an exchange of blows between her and the defendant. He then left the back room and entered the front room.

Shortly thereafter, the deceased, Ardelia Cox, and Leon Gilbert entered the front room. The deceased said something to the defendant, and the defendant approached Ardelia and drew his hand back as if to slap her. The deceased then struck the defendant on the head with a piece of wood, knocking him down. "When he (defendant) got up, he got up shooting." He shot four times. When he began to shoot, the deceased fell up against the wall and attempted to run out the door, but fell in the doorway. "He (defendant) was shooting out that way."

Defendant's evidence tends to show that he was in the back room of the Honey Hush at the time the deceased, Ardelia Cox, and Leon Gilbert arrived. The defendant testified he had never seen the deceased before, but he did know Ardelia Cox, and was teasing her when he

pulled her coat. He admitted that Ardelia Cox struck him as the result of his pulling her coat. He then walked out of the back room and into the front room. At this time, he was struck on the head by some hard object. As he fell to the floor, a pistol fell out of his belt. He grabbed the pistol and started firing at the man who had struck and who was approaching him in a threatening manner.

The jury rendered a verdict of guilty of manslaughter. The court pronounced judgment on the verdict and defendant appealed.

*Attorney-General Rodman, Assistant Attorney-General Giles, and William P. Mayo of Staff for the State.*
*Albion Dunn for defendant appellant.*

BARNHILL, C. J. There was evidence that a bullet hole was found in the door, and a bullet was found lying on the sill below the hole. Exception thereto is without merit. The testimony tends to show that the defendant was shooting in that direction, and this evidence was merely corroborative of that testimony.

One of the witnesses for defendant, in describing the assault made by deceased upon the defendant, testified: "He hit him across the head and broke the round; stooped down and picked a piece of it up, looked like he was going to hit him again." Objection thereto was sustained and defendant excepted. Of course the first part of the answer was competent. No doubt the exception was directed to that part of the answer which the State contends was the mere expression of an opinion, to wit, "looked like he was going to hit him again."

This exception is feckless. Whether the statement made by the witness constitutes the expression of opinion or a shorthand statement of a fact is debatable. It is at least on the border line. However, even if we consider it a shorthand statement of fact, the same witness testified to substantially the same facts immediately thereafter. *S. v. Humbles,* 241 N.C. 47, 84 S.E. 2d 264; *S. v. Bovender,* 233 N.C. 683, 65 S.E. 2d 323; *S. v. Werst,* 232 N.C. 330, 59 S.E. 2d 835; *S. v. King,* 225 N.C. 236, 33 S.E. 2d 590. He testified that the deceased "hit him across the head, broke the round, picked the other part up and walked to the door. . . . After he struck him he tried to pick the round up, going to hit him with it again, I reckon." Furthermore, the testimony was cumulative. A reading of the record leaves no doubt that deceased struck the defendant and then attempted to strike him a second time, or at least picked up the stick in preparation to do so. On the facts appearing in this record, this exception cannot be sustained.

A State's witness, on cross-examination, gave an answer which included the hearsay statement—"William Barrett told me they were the

holes put in there that night." The defendant objected and moved to strike the answer. Objection was overruled and the defendant excepted. This exception is without substantial merit for two reasons: (1) The defendant moved to strike the whole answer, a part of which was competent. He did not single out the hearsay statement and make that alone the subject matter of his motion; and (2) Under the facts in this case, the hearsay statement is so insignificant that it gives us no reason to believe that its exclusion would have produced a different result. Furthermore, the answer was elicited by the defendant.

Thereafter, the same witness testified to substantially the same facts without objection. This cured the error in admitting the hearsay statement, even if defendant's exception had been directed solely to the incompetent part of the answer. (See cases heretofore cited.)

There was evidence that the defendant, while inside the building, shot four times. The defendant admitted that he shot at least three times. The bullet holes were "fresh." In view of this testimony which was admitted without exception, the hearsay statement as to what Barrett said is too insignificant to warrant a new trial.

The statute, G.S. 1-180, now requires the judge to state only such evidence as is necessary to explain and apply the law to the facts in the case. In complying with this statute, the judge stated to the jury: "Now, gentlemen of the jury, I have not undertaken to recite the evidence of each and every witness, but I have only stated that part of the substance of the evidence on both sides as seems to me to be necessary to enable me to explain and apply the law." He was careful, however, to caution the jury that it was their duty in deciding the issue of guilt or innocence "to remember and consider all of the evidence on both sides, whether I have called it to your attention or not, and if your recollection of the evidence differs from the manner in which I have stated it, it is your duty to disregard my recollection of the evidence and be guided by your own." The excerpt first quoted does not constitute the expression of opinion but is in strict compliance with the statute, G.S. 1-180. Exception thereto is without merit.

The defendant further excepts for that the court charged the jury in substance that a defendant cannot justify a slaying on the grounds of self-defense unless he is without fault. This exception is likewise without merit. There was testimony tending to show that the deceased was the uncle by marriage of Ardelia and was one of her companions and escorts at the time. Defendant knew, or ought to have known, that any insult directed at, or any assault made upon, the woman would provoke the resentment and the possible assault of her male companion. Hence, there was sufficient evidence to justify the jury in finding that defendant was not without fault. There is likewise ample evidence

tending to show that he used excessive force. He continued to shoot after deceased had attempted to turn and run out the door. This was not the conduct of a man who was merely fighting in his own necessary self-defense.

The other assignments of error are without merit.

No error.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.