STATE OF NORTH CAROLINA v. THOMAS LEE DUNLAP

No. 7220SC694

(Filed 20 September 1972)

1. Criminal Law § 169— hearsay — general objection after answer — same testimony admitted without objection

Defendant was not prejudiced by the admission of hearsay testimony where he failed to object to the question asked the witness but entered a general objection only after the witness answered the question, and the witness was thereafter allowed to give the same testimony without objection.

2. Robbery § 4— indictment for robbery with shotgun — evidence as to "a gun"

There was no fatal variance between an indictment charging robbery with a shotgun and evidence that the robbery was committed with "a gun."

3. Criminal Law § 75— in-custody statements — admission for impeachment — failure to hold voir dire

The trial court did not err in the admission of defendant's in-custody statements for the purpose of impeaching defendant's trial testimony without holding a voir dire hearing to determine the voluntariness of the in-custody statements, as defendant failed to object to testimony of such statements, and such statements are admissible for impeachment purposes even if made under conditions rendering them inadmissible for purposes of establishing elements of the offense against defendant.

4. Robbery § 5— armed robbery — failure to submit common law robbery

The trial court in an armed robbery prosecution did not err in failing to submit to the jury an issue of common law robbery.

APPEAL by defendant from Collier, Judge, 6 March 1972 Session of Superior Court held in RICHMOND County.

Defendant was tried on bills of indictment charging him with armed robbery and assault with a deadly weapon. The indictments specified the firearm and the deadly weapon employed in the respective offenses as a shotgun and the arrest warrant charged the use of "a dangerous weapon to wit a saw of shot gun (sic)."

The State produced the evidence of certain laundry employees that on 24 July 1971 defendant went to the Sanitary Laundry in Hamlet, North Carolina, near closing time at 6:00 p.m., that defendant produced a "gun" out of a paper bag which one employee had thought might have contained clothing,

and that defendant robbed one of the laundry employees of approximately $250.00. The employees further testified that the defendant had visited the laundry on two previous occasions and on one such occasion, 3 July 1971, one of the employees had taken down the license tag number of the automobile used by defendant and had given that number to her employer. Lt. Wise of the Hamlet Police Force testified that defendant was the owner of a green automobile with license tag number AK 4674.

Defendant's evidence was to the effect that he had been to the Sanitary Laundry on 3 July but he denied being there on the day of the robbery. Defendant testified that he was playing basketball at a family cookout at the time of the alleged robbery and several members of defendant's family corroborated his testimony.

In rebuttal, the State recalled Lt. Wise who testified that when he took defendant into custody on 26 July 1971 he advised defendant of his constitutional rights and defendant volunteered the information that he knew all about the reasons for his arrest and that he, the defendant, had gone to the laundry on 24 July 1971 at about 4:00 or 4:30 p.m. in order to have a pair of pants pressed, but denied having committed the robbery.

The jury returned verdicts of guilty as charged. Defendant was sentenced to a term of from twelve to fifteen years imprisonment and appealed.

*Attorney General Robert Morgan by Associate Attorney Walter E. Ricks III for the State, appellee.*

*Joseph G. Davis, Jr. for defendant appellant.*

VAUGHN, Judge.

[1] Defendant's court-appointed counsel brings forward four assignments of error. In his first assignment of error, defendant contends that hearsay evidence was admitted to his prejudice. Lt. Wise testified that defendant's automobile bore license plate No. AK 4674 and that prior to seeing the automobile and tag he was familiar with the number. He, without objection, was asked why he was familiar with the number. The witness responded that the manager of the laundry had given him the number. Defendant voiced a general objection which was over-

ruled. The laundry manager was tendered as a witness for the State but defendant declined to question him. Defendant failed to move to strike the answer. Moreover, the same witness immediately thereafter, without objection, testified to the same fact. We hold that no prejudicial error is shown. *State v. Battle,* 267 N.C. 513, 148 S.E. 2d 599. *State v. Tyson,* 242 N.C. 574, 89 S.E. 2d 138.

[2] Defendant's next contention is that there was a fatal variance between the bill of indictment and the evidence as to the type of weapon used. This assignment of error lacks merit. The indictment charged defendant with robbery with the use of firearms, to wit a shotgun. All the evidence tended to show a robbery with the use of a firearm, to wit a "gun." There is no variance between the allegation and the proof and, if the variance argued by defendant did exist, it would not constitute a material variance.

[3] Defendant next argues that it was error to admit the rebuttal testimony of Lt. Wise without a voir dire hearing to determine whether defendant voluntarily made the statements while in the Lieutenant's custody. The record discloses that defendant made no objection to either the question or Lt. Wise's answer which related defendant's prior inconsistent statement. Furthermore, the credibility of a defendant who testifies on his own behalf may be impeached by use of his earlier conflicting statements even if such statements were made under conditions rendering them inadmissible for purposes of establishing elements of the offense against the defendant. *Harris v. New York,* 401 U.S. 222, 28 L.Ed 2d 1, 91 S.Ct. 643; *State v. Bryant,* 280 N.C. 551, 187 S.E. 2d 111.

[4] The defendant's fourth assignment of error, that the court failed to instruct the jury that it might return a verdict of guilty of common law robbery, is likewise without merit. All the evidence tends to show robbery with firearms. *State v. Parker,* 262 N.C. 679, 138 S.E. 2d 496.

No error.

Judges PARKER and GRAHAM concur.