STATE OF NORTH CAROLINA v. LARRY EUGENE EVANS

No. 7310SC181

(Filed 14 March 1973)

1. Criminal Law § 66— in-court identification of defendant — sequence of testimony and voir dire — no error

Where defendant in a robbery prosecution conceded that an identification of him by one of his victims was admissible, he was in no position to complain that the witness was allowed to give her testimony prior to the conducting of a *voir dire*.

2. **Criminal Law § 90— question as clarification and not impeachment — no error**

   A second question asked one of its witnesses by the State concerning identification of defendant served to clarify without contradicting or impeaching his answer to the first question.

3. **Criminal Law § 75— in-custody statements — admission for impeachment — failure to hold voir dire**

   The trial court did not err in allowing a police officer to relate, over objection, statements made to him by defendant without having first made a finding that the statements were given voluntarily since the credibility of the defendant may appropriately be impeached by the use of earlier conflicting statements made by him during in-custody interrogation without counsel and without a waiver of his rights.

4. **Criminal Law § 113— mistake in recapitulation of evidence — no prejudicial error**

   Though the trial judge in recapitulating the testimony of one witness referred to testimony given on *voir dire* rather than before the jury, there was no prejudicial error since substantially the same evidence referred to was given before the jury but by another witness and since defendant failed to object to the charge at trial.

APPEAL by defendant from *Brewer, Judge,* 31 July 1972 Session of Superior Court held in WAKE County.

Defendant was indicted for and found guilty of the robbery with firearms of Phyllis Johnson and Rixie Ann Williams. He was sentenced to serve not less than twenty nor more than thirty years imprisonment and was given credit for time served while awaiting trial.

*Attorney General Robert Morgan by William F. O'Connell, Assistant Attorney General for the State.*

*Carlos W. Murray, Jr., for defendant appellant.*

VAUGHN, Judge.

[1] One of the victims of the robbery, Phyllis Johnson, was asked if she saw defendant at the scene of the robbery. Defendant's objection to the question was overruled. Defendant then moved to strike the witness's affirmative answer. The court immediately conducted a *voir dire* and, after appropriate findings and conclusions, allowed the victim to testify as to the identity of the defendant. Defendant does not contend that the court's findings and conclusions are in error but argues that, after objection, it was prejudicial error to allow the witness to

answer prior to conducting the *voir dire*. Since it is conceded that the evidence was admissible, the rationality of defendant's argument that the foregoing constituted prejudicial error eludes us.

[2] Defendant's third assignment of error asserts that the court erred when the State, over objection, was permitted to impeach the State's witness, O. Royster Miles. The record discloses that the State asked witness Miles, "Now does your identification today, Mr. Miles, today in Court *have anything to do with* the photographs that you saw when Detective Tant showed you those photographs?" [Emphasis added.] The witness answered in the affirmative, then was asked, "Had you never saw (sic) the photographs that were shown to you by Detective Tant, would you still be able to identify him?" Defendant objected to this question and contends that the second question impeaches the witness and the jury should have been permitted to weigh the first answer only. The witness's affirmative answer to the second question clarifies without contradicting or impeaching the first answer. The competence of the question should be decided upon whether it is harmful and is likely to result in an answer that could not be otherwise obtained. *State v. Johnson*, 272 N.C. 239, 158 S.E. 2d 95. Rulings on the use of leading questions will not be reviewed on appeal in the absence of a showing of abuse of discretion. *State v. Staten*, 271 N.C. 600, 157 S.E. 2d 225.

[3] Defendant's sixth assignment of error asserts that the court erred in allowing Detective Tant to relate, over objection, statements made to him by defendant without having first made a finding that these statements were given voluntarily. Defendant attempted to establish an alibi by stating that he had broken his nose on 3 June 1972 and had spent the day at home on 5 June, the date of the alleged robbery. In rebuttal, the State offered the testimony objected to, to the effect that defendant stated to officers that he had broken his nose on the night of 7 June or early in the morning of 8 June 1972. The credibility of the defendant may be appropriately impeached by the use of earlier conflicting statements made by him during in-custody interrogation, without counsel and without a waiver of his rights. *Harris v. New York*, 401 U.S. 222, 28 L.Ed. 2d 1, 91 S.Ct. 643; *State v. Bryant*, 280 N.C. 551, 187 S.E. 2d 111; *State v. Dunlap*, 16 N.C. App. 176, 191 S.E. 2d 385.

[4]   During the course of his charge and while recapitulating the testimony of Phyllis Johnson, the court attributed testimony to her with reference to her having viewed photographs in the presence of Detective Tant. In fact, this witness's testimony as to viewing the photographs had been given on *voir dire* and not in the presence of the jury. Substantially the same facts had been testified to in the presence of the jury by Detective Tant. No objection to the charge was made at trial. The general rule is that objections to the charge in reviewing evidence must be made before the jury retires so as to afford an opportunity for correction; otherwise, they are deemed to have been waived and will not be considered on appeal. *State v. Virgil,* 276 N.C. 217, 172 S.E. 2d 28. We have carefully considered this assignment of error and hold that no projudicial error has been made to appear.

Defendant's assignments of error number five, eight and fourteen challenge denial of motions for nonsuit and in arrest of judgment. He concedes, however, that determination of the merits of these assignments of error depend upon a resolution of preceding assignments of error in his favor. All of defendant's assignments of error have been considered and are over-ruled.

In the trial from which defendant appealed we find no prejudicial error.

No error.

Judges BROCK and HEDRICK concur.