STATE OF NORTH CAROLINA v. SAM EDWARD JONES

No. 748SC765

(Filed 20 November 1974)

1. **Assault and Battery § 11— assault with rifle or shotgun — no material variance**

    In a prosecution for assault with a firearm on a law enforcement officer, assault with a firearm on an officer with intent to kill, and armed robbery, variance between the indictment charging use of a .16 gauge automatic rifle and evidence tending to show use of a .16 gauge automatic shotgun was not material.

2. **Assault and Battery § 14; Robbery § 4— assault on law officers — armed robbery — sufficiency of evidence**

    Defendant's motion for directed verdict was properly denied in a prosecution for assault with a firearm on a law enforcement officer, assault with a firearm on an officer with intent to kill, and armed robbery where the evidence tended to show that defendant took pistols and a shotgun from officers at gunpoint, that he fired at cars in which other officers were seated as well as at ditches where they had taken cover, and that he wounded one officer in the leg.

3. **Criminal Law §§ 80, 169— police reports of investigation**

    Trial court did not err in refusing cross-examination of two officers as to written reports filed by them and defendant was not entitled to examine the reports for possible inconsistencies with the testimony offered at trial where questions and answers placed in the record did not relate to any inconsistency between the reports and the officers' testimony at trial and where the record did not disclose any request for examination of the reports at trial or any pretrial motion setting out any reasonable ground for their production.

4. **Robbery § 5— armed robbery — failure to submit lesser included offenses**

    Trial court did not err in failing to submit a lesser included offense in connection with the charge of armed robbery where all the evidence indicated that defendant was the original aggressor and deprived officers of their weapons at the point of a shotgun.

APPEAL by defendant from *Lanier, Judge,* 1 April 1974 Session of Superior Court held in WAYNE County.

Heard in Court of Appeals 21 October 1974.

Defendant was charged in five indictments with assault with a firearm on a law enforcement officer, in one indictment with assault with a firearm on a law enforcement officer with intent to kill, and in two indictments with armed robbery. He pleaded not guilty to all charges and was tried before a jury.

Six law enforcement officers, victims of the offenses, testified for the State. About 1:00 a.m. on 21 February 1974, two Wayne County deputy sheriffs responded to a call at the defendant's residence on Highway 117. There they found defendant alone in the front yard holding a .16 gauge automatic shotgun. Defendant ordered the men to get out of their car and throw their weapons on the ground. As he reached into the patrol car to remove a shotgun from the front seat, the deputies fled across the road. Defendant called upon them to stop and fired the shotgun he had been holding. Two Goldsboro policemen arrived, and defendant fired again. Two more policemen arrived, shots were exchanged, and one policeman was wounded by shotgun pellets. Defendant then left, taking with him the deputies' pistols and shotgun. Later that day he turned himself in at the Wayne County jail and returned the pistols. Acting on information furnished by defendant, a deputy sheriff recovered the shotgun at a local discotheque.

Defendant and his mother testified that he had been drinking and was behaving violently and irrationally on the night in question. Defendant maintained that he shot at the officers and took their weapons while acting in self-defense.

The jury found defendant guilty on four of the five charges of assault with a firearm and guilty of the two charges of armed robbery. From judgments imposing sentences of three to five years in each assault case and 20 to 25 years in each robbery case, defendant appealed to this Court.

*Attorney General James H. Carson, Jr., by Associate Attorney Alan S. Hirsch, for the State.*

*Herbert B. Hulse and George F. Taylor, for defendant appellant.*

BALEY, Judge.

[1, 2] Defendant contends that the court should have allowed his motions for a directed verdict of not guilty upon all charges. He bases this contention on two grounds: (1) that there is no evidence that he fired at any particular officer and (2) that he fired a .16 gauge automatic shotgun when the indictment charges that he used a .16 gauge automatic rifle. The distinction between a rifle and a shotgun as the firearm involved is not a material variance. The indictments charged assault with a firearm, and clearly an automatic shotgun comes within that

classification. *See State v. Banks,* 271 N.C. 583, 157 S.E. 2d 145; *State v. Dunlap,* 16 N.C. App. 176, 191 S.E. 2d 385. Testimony from all the officers who were engaged in the performance of their duty on this occasion showed that defendant shot at them. He took pistols and a shotgun from officers Sasser and Warrick, who were first on the scene, and fired at the cars in which other officers were seated as well as at ditches where they had taken cover. Officer Melvin was wounded in the leg. It seems clear that the evidence in its most favorable light for the State was sufficient to show every element of the offenses charged and to support the jury verdicts. The motions for a directed verdict were properly denied.

[3] Defendant assigns as error the refusal of the court to permit cross-examination of two of the officers about written reports which they had filed after their investigation. He now contends that he was entitled to examine these reports for possible inconsistencies with the testimony offered at trial. First of all, the questions asked and the answers placed in the record do not relate to any inconsistency in testimony. Defendant has suffered no prejudice from their exclusion as evidence. Second, the record does not disclose any request for examination of the reports at the trial nor any pretrial motion setting out any reasonable ground for their production. Reports of investigating officers are the work product of the prosecution, and there is no constitutional right to their examination.

> "We know of no constitutional requirement that the prosecution make a complete and detailed accounting to the defense of all police investigatory work on a case."

*Moore v. Illinois,* 408 U.S. 786, 795 (1972). As the North Carolina Supreme Court stated so succinctly in *State v. Davis,* 282 N.C. 107, 111, 191 S.E. 2d 664, 667: "Defendant was not entitled to . . . a fishing expedition nor to receive the work product of police or State investigators." *See also State v. Blue,* 20 N.C. App. 386, 201 S.E. 2d 548.

[4] The claim of defendant that the court should have instructed the jury upon a lesser included offense in connection with the charge of armed robbery is without merit. All the evidence indicates that defendant was the original aggressor and deprived the officers of their weapons at the point of a shotgun. The fact that defendant later had a change of heart and returned the weapons may have some bearing upon punish-

ment, but it does not reduce the original armed robbery to a lesser offense. The necessity for charging on the crime of a lesser degree arises only when there is evidence from which the jury could find that a crime of lesser degree was committed. *State v. Davis, supra; State v. Bryant,* 280 N.C. 551, 187 S.E. 2d 111, *cert. denied,* 409 U.S. 995 (1972).

Other assignments of error pertain to the charge of the court. We have carefully reviewed the charge and conclude that when it is considered in its entirety it complies with the statute and is free from prejudicial error.

In the trial of this cause, we find no error.

No error.

Judges MORRIS and HEDRICK concur.