STATE OF NORTH CAROLINA v. PAUL EDWARD ANDERSON

No. 7523SC232

(Filed 2 July 1975)

1. **Indictment and Warrant § 13— bill of particulars — use for discovery — denial of motion proper**

    The trial court in a murder case did not err in denying defendant's motion for a bill of particulars where defendant was well aware of the circumstances surrounding the shooting and the theory of the State's case against him, and where defendant by his motion sought extensive discovery to which he was not entitled.

2. **Homicide § 19— deceased as violent and dangerous man — cumulative evidence — exclusion proper**

    The trial court in a murder prosecution did not err in excluding evidence that deceased was a violent and dangerous man where there was already similar testimony in evidence and the excluded testimony would have added nothing to that evidence.

3. **Homicide § 19— statement by deceased — admissibility to show apprehension of deceased**

    In a murder prosecution where defendant testified that deceased said " 'I am going to kill you' and he started for his pocket and I kept telling him to stop and I had no choice," the trial court did not err where it sustained the State's objection only as to the last phrase, a self-serving declaration, and admitted the rest as competent on the issue of defendant's apprehension.

4. **Homicide § 15— statements contemporaneous with shooting — inadmissibility as res gestae**

    The trial court in a murder prosecution did not err in refusing to admit, as part of the *res gestae,* evidence of statements and actions contemporaneous with the shooting.

5. **Homicide § 28— defense of family and others — failure to instruct proper**

    The trial court in a murder prosecution did not err in refusing to instruct the jury on defense of family and others in one's presence where by their verdict the jury found from all the evidence that it

State v. Anderson

was not actually necessary or apparently necessary for defendant to kill in order to save himself from death or great bodily harm, and the jury therefore could not have found that defendant was justified in killing to protect others who were less immediately threatened.

APPEAL by defendant from *Winner, Judge.* Judgment entered 19 November 1974 in Superior Court, WILKES County. Heard in the Court of Appeals 14 May 1975.

Defendant was indicted on a charge of murder. He pleaded not guilty and was tried before a jury.

Evidence for the State tended to show that on the afternoon of 13 April 1974 the deceased, Billy Dean Miller, drove with his mother- and father-in-law to a trailer park in search of his wife Juanita. While they were at the park, defendant, Paul Edward Anderson, drove past in an automobile owned by Juanita Miller, who was sitting on the seat beside him. Dean Miller followed them, running into the vehicle driven by Anderson, and forcing it off the road. Anderson, followed by Miller, proceeded to a service station and stopped. Miller also stopped, got out, and trial to pull his wife and children from the other car. Anderson then got out and, carrying a gun, walked to the rear of the car. There he confronted Miller and fired three shots, killing him.

Juanita Miller testified that she and her husband had been separated, and she had been dating Anderson. When Dean Miller began to follow the car in which they were riding, she became frightened, took a pistol from the glove compartment, and placed it on the floor. She told Anderson that she was afraid of Miller.

Defendant testified that Miller's car twice bumped the car he was driving. Later, at the service station, Miller assaulted the passengers and then ran behind the car. Anderson, who was afraid of Miller because he had heard that Miller had threatened to kill him, took the gun from the floor and got out of the car. When Miller said, "I am going to kill you," and reached for his pocket, Anderson shot him.

The court instructed the jury on second degree murder, provocation and voluntary manslaughter, and self-defense. The jury found defendant guilty of second degree murder. From judgment imposing a sentence of 25 to 40 years imprisonment, defendant appealed to this Court.

*Attorney General Edmisten, by Robert W. Kaylor, Associate Attorney, for the State.*

*Franklin Smith for defendant appellant.*

ARNOLD, Judge.

[1] Defendant initially contends that the trial court erred in denying his motion for a bill of particulars. As explained in *State v. Cameron,* 283 N.C. 191, 194, 195 S.E. 2d 481, 483 (1973) :

> "G.S. 15-143 provides that when further information not required to be set out in the bill of indictment is desirable for the better defense of the accused, the court upon motion may in its discretion require the solicitor to furnish a bill of particulars. The function of a bill of particulars is to inform the defendant of the nature of the evidence which the State proposes to offer. *State v. Overman,* 269 N.C. 453, 153 S.E. 2d 44 (1967). The granting or denial of motions for a bill of particulars is within the discretion of the court and not subject to review except for palpable and gross abuse thereof. *State v. Spence,* 271 N.C. 23, 155 S.E. 2d 802 (1967) ; *State v. Porth,* 269 N.C. 329, 153 S.E. 2d 10 (1966) ; *State v. Overman, supra; State v. Lippard,* 223 N.C. 167, 25 S.E. 2d 594 (1943)."

*Accord, State v. Martin,* 21 N.C. App. 645, 205 S.E. 2d 583 (1974). In the case at bar, defendant was well aware of the circumstances surrounding the shooting and the theory of the State's case against him. By his motion he sought extensive discovery to which he was not entitled. *See State v. Davis,* 282 N.C. 107, 191 S.E. 2d 664 (1972). It was properly denied.

[2] Defendant has raised a number of contentions with respect to his attempts to present evidence that Dean Miller was a violent and dangerous man. These contentions are without merit. While evidence of decedent's character is admissible for the purpose of showing provocation and justification, it is limited to evidence of specific acts of violence known to defendant or to decedent's reputation as a ferocious, violent, and dangerous man. *See State v. Johnson,* 270 N.C. 215, 154 S.E. 2d 48 (1967) ; *Nance v. Fike,* 244 N.C. 368, 93 S.E. 2d 443 (1956). *See generally* 1 Stansbury, N. C. Evidence (Brandis rev.) § 106; Some of the proffered testimony was entirely unrelated to character for violence and therefore inadmissible. As for the rest, the

exclusion of evidence cannot be prejudicial when the witness later testifies to the same facts or the evidence is merely cumulative of other testimony. *State v. Tyson,* 242 N.C. 574, 89 S.E. 2d 138 (1955); *State v. Werst,* 232 N.C. 330, 59 S.E. 2d 835 (1950); *State v. Elder,* 217 N.C. 111, 6 S.E. 2d 840 (1940). Several witnesses testified that Dean Miller's automobile bumped the automobile driven by defendant, causing it to leave the road. Juanita Miller testified that she was frightened of her husband and had told defendant that Dean Miller had purchased a gun. Defendant stated that he was afraid because Miller had sent word he was going to kill him. The excluded portions of testimony would have added nothing to the foregoing evidence, which was before the jury.

Equally without merit are defendant's contentions concerning his attempts to impeach the testimony of the SBI agent who investigated the shooting and to contradict the testimony of decedent's father-in-law. In both instances, defendant's questions were highly speculative and of little probative value. Answers to them were properly excluded.

[3] Defendant contends that the court struck his testimony that "[Dean Miller said] 'I am going to kill you' and he started for his pocket and I kept telling him to stop and I had no choice." As we read the record, the court sustained the State's objection only as to the last phrase, a self-serving declaration, and admitted the rest as competent on the issue of defendant's apprehension. *See State v. Crump,* 277 N.C. 573, 178 S.E. 2d 366 (1971). Defendant's contention is overruled.

[4] Defendant also contends that the court erred in refusing to admit, as part of the *res gestae,* evidence of statements and actions contemporaneous with the shooting. We note first that some of the statements were not offered for the truth of the matter asserted, and therefore they were not objectionable as hearsay. *See* 1 Stansbury, *supra* § 141. The record indicates, however, that the court, after first sustaining the State's objection, later admitted testimony that after defendant shot Dean Miller he asked Juanita, "Is he shot?" and she said, "He is dying." The exclusion therefore was not prejudicial. *See State v. Tyson, supra.* The *res gestae* exception to the hearsay rule does apply to the testimony that just after the shooting defendant said he "did it for her trying to protect her." *See Coley v. Phillips,* 224 N.C. 618, 31 S.E. 2d 757 (1944); 1 Stansbury, *supra* § 158. Nevertheless, for reasons given below with respect

to the verdict and the charge, we believe error in the exclusion was not prejudicial.

[5]   Finally, defendant contends that it was error to refuse to instruct the jury on defense of family and others in one's presence. Ordinarily the court must instruct on self-defense and defense of others when such defenses are raised by the evidence. *See State v. Deck,* 285 N.C. 209, 203 S.E. 2d 830 (1974) ; *State v. Todd,* 264 N.C. 524, 142 S.E. 2d 154 (1965). Nevertheless, we are unable to see how the instructions given in this case, which dealt only with self-defense, could have been prejudicial to defendant. By their verdict the jury found from all the evidence that it was not actually necessary or apparently necessary for defendant to kill in order to save *himself* from death or great bodily harm. The evidence showed that decedent confronted defendant behind the automobile while the others remained inside with the right front door locked. It follows that the jury could not have found that defendant was justified in killing to protect *others* who were less immediately threatened.

Defendant has received a fair trial free from prejudicial error.

No error.

Judges MARTIN and CLARK concur.