LONA P. LONG, WIDOW, LONA P. LONG, GUARDIAN AD LITEM OF TODD LONG, Minor Child; GEORGE E. LONG, DECEASED, EMPLOYEE, PLAINTIFFS v. ASPHALT PAVING COMPANY OF GREENSBORO, EMPLOYER, AND STANDARD FIRE INSURANCE COMPANY, CARRIER, DEFENDANTS

No. 7910IC1050

(Filed 15 July 1980)

1. **Master and Servant § 56– workers' compensation – airplane crash in Florida – accident arising out of and in course of employment**

   There was sufficient competent evidence to support the Industrial Commission's findings and conclusion that decedent was on a business trip to Florida in connection with his duties as an employee of defendant asphalt paving company at the time he was killed in an airplane crash and that decedent suffered the fatal injury by accident arising out of and in the course of his employment.

2. **Evidence § 33.2– conduct of decedent not hearsay**

   Testimony that the witness observed deceased and another walking around the woods of a subdivision during their trip to Florida was not hearsay and was properly admitted into evidence to show the business nature of decedent's trip, since decedent did not intend his conduct as a positive assertion of anything.

Long v. Paving Co.

3. **Evidence § 33.2– testimony not offered to show truth of matter asserted – no hearsay**

A witness's testimony that he heard a third person tell decedent, when they passed an asphalt processing plant in Florida, that "this is where you can get the asphalt," and another witness's testimony that the third person introduced him to decedent in Florida and told him that decedent "is in the paving business" did not constitute inadmissible hearsay since the testimony of neither witness was offered to show the truth of the matter asserted but was offered to show that business was transacted by decedent during his trip to Florida.

4. **Evidence § 33.2– intent of decedent to go on business trip – admissibility as exception to hearsay rule**

Testimony by decedent's wife that, on the night before decedent left for Florida, decedent told her that he and another person "had to go to Florida on business" was admissible under the exception to the hearsay rule permitting the admission of the statements of a person, deceased at the time of the trial, as to his present intention to do something in the immediate future. The testimony was also admissible under the exception to the hearsay rule founded upon (1) necessity and (2) a reasonable probability of truthfulness.

APPEAL by defendants from the opinion and award of the North Carolina Industrial Commission filed 20 August 1979. Heard in the Court of Appeals 23 April 1980.

George E. Long was President of defendant Asphalt Paving Company of Greensboro. On 19 June 1977 Long and Floyd H. (Sam) Martin, President of C.O. Martin & Sons, Inc., flew in a small plane owned by the Martin corporation to Apopka, Florida. On 22 June 1977, when the party was departing to return to North Carolina, their airplane clipped a tree and crashed just after takeoff, killing the two men. The decedents' next of kin filed claims against their respective employers, including the defendant, for workers' compensation benefits. The claims were consolidated for hearing. After the hearing, Deputy Commissioner William L. Haigh denied plaintiffs' claim, concluding that

1. The activities of deceased, George Long, with respect to the subdivision property did not further, directly or indirectly, to an appreciable degree the business of Asphalt Paving Company of Greensboro.

2. Deceased, George Long, did not at the time com-

plained of sustain an injury by accident arising out of and in the course of his employment with defendant employer and, therefore, plaintiffs are not entitled to the benefits of the Workmen's [sic] Compensation Act. G.S. 97-2 (6).

Upon appeal, the Full Commission reversed the determination of the Deputy Commissioner and made an award to the plaintiff, concluding:

> 1. The decedent on 22 June 1977 suffered an injury by accident arising out of and in the course of his employment, such injury resulting in his immediate death.

* * *

From the opinion and award of the Full Commission, defendants appeal.

*Douglas, Ravenel, Hardy, Crihfield & Bullock, by John W. Hardy, for the plaintiff appellees.*

*Smith, Moore, Smith, Schell & Hunter, by J. Donald Cowan, Jr. and William L. Young, for the defendant appellants.*

WELLS, Judge.

[1] The principal issue which defendants raise on appeal is whether there was sufficient *competent* evidence to support the Full Commission's findings of fact and conclusion that the decedent was on a business trip to Florida in connection with his duties as an employee of defendant Asphalt Paving Company at the time of the accident and that the decedent suffered a fatal injury by accident arising out of and in the course of his employment. Pursuant to G.S. 97-2 (6), a compensable injury under the North Carolina Workers' Compensation Act must be one "arising out of and in the course of the employment." An accident is said to arise out of and in the course of the employment when it occurs while the employee is engaged in some activity or duty which he is authorized to undertake and which is calculated to further, directly or indirectly, the employer's business. *Martin v. Bonclarken Assembly,* 296 N.C. 540, 251 S.E. 2d 403 (1979).

Long v. Paving Co.

Whether an injury results from an accident arising out of and in the course of the employment is a mixed question of law and fact. *Bryan v. Church,* 267 N.C. 111, 147 S.E. 2d 633 (1966); *Insurance Co. v. Curry,* 28 N.C. App. 286, 221 S.E. 2d 75 (1976), *disc. rev. denied,* 289 N.C. 615, 223 S.E. 2d 396 (1976). The Commission's findings of fact are conclusive if supported by any competent evidence. *Perry v. Bakeries Co.,* 262 N.C. 272, 136 S.E. 2d 643 (1964).

We hold that there was sufficient competent evidence to support the operative findings and conclusion of the Full Commission. The following testimony was received without objection: Defendant Asphalt Paving Company was engaged in the business of paving subdivision streets, driveways, and parking lots. George Long's duties as defendant's president included estimating the cost of paving contracts and supervising the work. The defendant company had worked together with the construction company C.O. Martin & Sons, Inc. in the past. The Martin company usually subcontracted paving jobs. Sam Martin owned nine acres of property in Florida on which he had previously constructed several houses. The visit to Florida had been planned for months. Both Martin and Long took their clothes in which they worked on the trip and Martin took a briefcase containing papers concerning the subdivision in Florida. Long did not take any dress clothes. Martin, Long and their sons travelled to Florida on a small plane owned by the Martin company. Long was wearing coveralls when he departed. Immediately upon their arrival in Florida, Long, Martin and their sons were driven first, to the "job site", and then to a motel. The next day, while the boys were visiting Disney World, Long, dressed in his work coveralls, and Martin rented a car and visited the job site. They were on the property four or five hours. Long was employed by the defendant company at the time of his death.

We deal now with testimony which defendant argues should have been excluded by the Deputy Commissioner as inadmissible hearsay. Our courts have defined "hearsay" as an out-of-court statement which is offered to prove the truth of the matter asserted therein. *Potts v. Howser,* 274 N.C. 49, 161 S.E. 2d 737

(1968).[1] Under the rule against hearsay, when a proper objection has been raised, a statement which is hearsay is inadmissible in evidence unless it falls within a recognized exception to the rule. *See e.g., State v. Jackson*, 287 N.C. 470, 215 S.E. 2d 123 (1975). The justifications which are commonly stated for the rule are that the declarant of the out-of-court statement was not under oath and could not be confronted or cross-examined. *See generally*, 1 Stansbury's N.C. Evidence § 139, pp. 461-465 (Brandis rev. 1973). We have determined that much of the testimony, the admissibility of which is disputed by defendants in this case, falls into the following three categories, each of which we shall discuss below: (1) conduct of the deceased, not intended as assertions, which does not fall under the hearsay rule; (2) statements of the deceased, not offered to prove the truth of the matters asserted therein, which do not come within the prohibition of the hearsay rule; and (3) statements of the deceased to his spouse made shortly before his departure to Florida concerning the business nature of his trip, which were hearsay, but admissible under two exceptions to the hearsay rule laid down in *State v. Vestal*, 278 N.C. 561, 180 S.E. 2d 755 (1971).

[2] An example of the first category of alleged hearsay admitted over defendants' objection was that of Terrell Weeks, a resident of Apopka, Florida, who testified that he observed Martin and Long walking around the woods of the Walker Subdivision during their trip. While it is generally agreed that conduct may sometimes be considered hearsay, the trend is not to consider it as such and to allow its admission into evidence when the conduct is not intended by the actor as an assertion about the fact proved. 1 Stansbury's N.C. Evidence § 142, pp. 472-475 (Brandis rev. 1973); Wigmore on Evidence §§ 267; 459; 1362, n. 1 (Chadbourn rev. 1974); McCormick on Evidence § 250, pp. 596-601 (2d ed. 1972); Powers, *The North Carolina Hearsay Rule and the Uniform Rules of Evidence*, 34 N.C. L. REV. 171, 180 (1956). *See, e.g.*, Federal Evidence Rule 801 (a)(2) (a "statement" which may be the basis of a hearsay declaration includes

---

[1]  Similarly, Rule 801 (c) of the Federal Rules of Evidence defines hearsay as, "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."

"nonverbal conduct of a person, if it is intended by him as an assertion"). Clearly, Long and Martin, in walking around the subdivision, did not intend their conduct as a positive assertion of anything, much less as an assertion that they were discussing business. We therefore hold that Weeks' testimony was not hearsay and was properly admitted into evidence.

[3] The second category of reputedly inadmissible hearsay also concerns testimony which is not, in fact, hearsay. Clarence Tuttle testified that he overheard Sam Martin and George Long conversing in their car en route to their Florida motel. Tuttle stated, "We passed an asphalt processing place and Sam said, 'George, that is where you can get the asphalt.' "[2] Terrell Weeks testified that he was introduced to Long by Martin as follows: "This is Mr. Long, Mr. Weeks ... Mr. Long is in the paving business."

It is well recognized that an out-of-court statement which is offered for any purpose other than to prove the truth of the matter asserted in the statement is not hearsay. *State v. Caddell*, 287 N.C. 266, 215 S.E. 2d 348 (1975); 1 Stansbury's N.C. Evidence, *supra*, § 141, pp. 467-472; Wigmore on Evidence §§ 1361, 1766 (Chadbourn rev. 1974); McCormick on Evidence § 246, pp. 584-586 (2d ed. 1972). The reason such statements are admissible is not that they fall under an exception to the rule, but that they simply are not hearsay — they do not come within the above legal definition of the term. Viewed in this light, Tuttle's testimony was not hearsay because Martin's statement as to the place Long could obtain his asphalt was not offered to show where Long could find asphalt, but that business was transacted on the trip. Similarly, Weeks' testimony that "Mr. Long is in the paving business" was not offered to show the business in which Long was engaged. The statement was offered to show that business was transacted during the

---

[2] Plaintiffs argue that even if this statement was hearsay it may still have been admissible as part of the *res gestae*. While continuing to recognize the vitality of many of the individual exceptions to the rule against hearsay comprising what has previously been labeled the "*res gestae*" exception, we recently expressed disapproval over the confusion which the use of this phrase has generated. *State v. Hammonds*, 45 N.C. App. 495, 263 S.E. 2d 326 (1980).

---

---

Florida trip. As such, this testimony was not hearsay. For the same reason, Martin's other inquiries as to the places where asphalt could be obtained were likewise admissible as nonhearsay.

[4] The third category of evidence into which we have divided the disputed testimony relates to statements which are hearsay, but nonetheless admissible under exceptions to the rule. An example of such a statement occurred when Long's widow testified that the night before Long and Martin left for Florida, Long said that he and Martin "had to go to Florida on business." Long's statement, that he had to go to Florida on business, was offered to prove that he did in fact go to Florida on business. Clearly, the statement was hearsay. However, the testimony was admissible if it qualified under an exception to the rule.

We hold that Long's statement was admissible under the exception to the rule permitting the admission of the statements of a person, deceased at the time of trial, as to his present intention to do something in the immediate future. *State v. Vestal*, 278 N.C. 561, 180 S.E. 2d 755 (1971). The *Vestal* Court emphasized that although such statements are not admissible as part of the *res gestae*[3] doctrine where they are not connected with the immediate departure of the declarant, they are nonetheless admissible in their own right to show the decedent's intent. *See also, State v. Cawthorne*, 290 N.C. 639, 227 S.E. 2d 528 (1976). While the decedent's *intent* to transact business is not directly in issue, it is logically relevant in that it is more probable than not that the decedent actually did what he said he was going to do:

> We see no plausible basis for holding such a statement admissible if shouted back to the wife as the car leaves the driveway, but inadmissible if told to her at the dinner table or while packing the traveler's suitcase. The sound basis for its admission is not the *res gestae* doctrine, but the

---

[3]   *See*, n. 2, *supra*.

exception to the hearsay rule permitting the admission of declarations of the decedent to show his intention, when the intention is relevant *per se* and the declaration is not so unreasonably remote in time as to suggest the possibility of a change of mind.

*State v. Vestal, supra,* 278 N.C. at 587, 180 S.E. 2d at 772.[4]

Defendant argues that the cases of *Gassaway v. Gassaway & Owen, Inc.,* 220 N.C. 694, 18 S.E. 2d 120 (1942), and *Little v. Brake Co.,* 255 N.C. 451, 121 S.E. 2d 889 (1961), are controlling. In these cases our Supreme Court held that the statements of a deceased person as to the purpose and destination of the trip were not admissible under the Workers' Compensation Act because they were not part of the *res gestae.* In *Vestal,* however, the Court limited the holding of these two cases on this issue to their facts. *State v. Vestal, supra,* 278 N.C. at 586, 180 S.E. 2d at 771. As to *Gassaway,* the *Vestal* Court said that the statement offered to show that the defendant's purpose in taking the trip was compensable under the Act "threw no light whatever on that matter." As to the *Little* case, the *Vestal* Court noted that the statement offered to show that the decedent traveled to a specific location did not disclose where the customer which he was to visit resided. It is clear from Justice Lake's opinion in *Vestal* that *Gassaway* and *Little* no longer state the law as to the admissibility of a decedent's declarations to his spouse of his intent to go on a business trip, independent of what was formerly labeled the *res gestae* exception to the rule against hearsay.

The hearsay statement involved in the present case is also admissible under the two-fold basis for exceptions to the rule enunciated by the Supreme Court in *Vestal.* This exception is founded upon: (1) necessity; and (2) a reasonable probability of truthfulness. *State v. Vestal, supra,* 278 N.C. at 582, 180 S.E. 2d at 769. *Accord, State v. Cobb,* 295 N.C. 1, 243 S.E. 2d 759 (1978);

---

[4]  The *Vestal* case relies on the venerable cases of *Mutual Life Insurance Co. v. Hillmon,* 145 U.S. 285, 36 L.Ed. 706, 12 S.Ct. 909 (1892), and *People v. Alcalde,* 24 Cal. 2d 177, 148 P. 2d 627 (1944).

*State v. Parks*, 41 N.C. App. 514, 255 S.E. 2d 216 (1979), *disc. rev. denied*, 298 N.C. 303, 259 S.E. 2d 916 (1979). As in *Vestal*, the decedent's death in the case *sub judice* satisfies the requirement of necessity. Furthermore, as in *Vestal*, the requirement that the statement possess a reasonable probability of truthfulness is satisfied by the high degree of reliability attached to an individual's statement to his or her spouse as to the destination and purpose of travel away from the home.

> It is the normal, natural, customary routine for a man leaving his home, or office, upon an out-of-town trip to inform some member of his family, or an employee or business associate, of where he is going, with whom and when he will return. Of course, the particular declarant on the particular occasion may falsely state these matters to his wife or to his business associate. The credibility of his statement on the particular occasion is always open to question, but that is a question for the jury. The fact that in the overwhelming preponderence of such instances the statement is true, because it has *no* purpose or significance except to promote the orderly conduct of the declarant's domestic or business affairs, supplies that reasonable probability of truth in the particular instance which justifies the Court in permitting the jury to hear the statement and determine its truth or falsity.

*State v. Vestal, supra*, 278 N.C. at 588-589, 180 S.E. 2d at 773.

We conclude that there was ample and sufficient competent evidence to support the Full Commission's operative findings of fact, that the findings of fact support and justify the Commission's conclusion of law, and that the order and award of the Full Commission must be

Affirmed.

Chief Judge MORRIS and Judge PARKER concur.