NANCY H. KEZIAH, WIDOW OF JOHN W. KEZIAH, JR., DECEASED, EMPLOYEE v. MONARCH HOSIERY MILLS, EMPLOYER, AND STANDARD FIRE INSURANCE COMPANY, CARRIER

No. 8410IC274

(Filed 18 December 1984)

**Master and Servant § 55.4— accidental death while returning from golf tournament—arose out of and in the course of employment**

> There was sufficient evidence for the Industrial Commission to find that plaintiff's husband was acting in the furtherance of his employer's business,

and therefore to conclude that his death arose out of and in the course of his employment, where plaintiff's husband died in a plane crash while returning from playing in a golf tournament in Florida; where plaintiff's husband was vice-president for sales in a company which manufactured golf socks; made a business practice of attending golf tournaments and sometimes played in them; often sent donations of socks to tournaments for distribution in registration packets; personally donated socks to individual professionals; sometimes played golf with customers and took customers to tournaments at company expense; had told other employees that he viewed the trip as an opportunity to promote the company's golf socks; and returned a business call during the trip, then called the company to place a customer's order. Furthermore, the tournament was prestigious and attended by many people expected to be future golf professionals and potential customers, the company donated 35 dozen socks for distribution to participants, plaintiff's husband was not considered to be on vacation during the week he spent at the tournament, and the company paid charges to its American Express card for plaintiff's husband's hotel room and a meal. G.S. 97-2(6).

APPEAL by defendants from opinion and award of the North Carolina Industrial Commission filed 6 January 1984. Heard in the Court of Appeals 16 November 1984.

Defendants appeal from an award of workers' compensation benefits.

*Nichols, Caffrey, Hill, Evans & Murrelle, by Thomas C. Duncan and Harold W. Beavers,* for plaintiff appellees.

*Smith, Moore, Smith, Schell & Hunter, by J. Donald Cowan, Jr., and Caroline Hudson,* for defendant appellants.

WHICHARD, Judge.

John W. Keziah died in a plane crash while returning home after playing in the American Amateur Golf Classic in Pensacola, Florida. At the time of his death he was vice president in charge of sales for Monarch Hosiery Mills. The plaintiff, Keziah's widow, filed a claim under the Workers' Compensation Act. A deputy commissioner conducted a hearing and denied the claim on the ground that the death did not arise out of and in the course of the employment. She found that the trip was made primarily for social reasons and that any benefit to Keziah's employer was incidental. The plaintiff appealed to the Full Commission, which reversed and awarded compensation. Defendants appeal.

The issue is whether competent evidence supports the findings of the Commission and its conclusion that Keziah's death

arose out of and in the course of his employment. We hold that sufficient competent evidence was adduced to support the Commission's finding of fact that a principal purpose of Keziah's participation in the tournament was the furtherance of his employer's business. That finding supports and justifies the Commission's conclusion that Keziah's accidental death during the trip arose out of and in the course of his employment.

The record includes the following evidence: As vice president in charge of sales, Keziah made a business practice of attending golf tournaments, sometimes playing in them. One of the products manufactured by Monarch was a golf sock. Keziah often sent donations of those socks to various golf tournaments for distribution in a registration packet for tournament participants. He also personally made donations of socks to individual golf professionals. He sometimes played golf with customers and took customers to golf tournaments at company expense. These activities were aimed at promoting the sock among golf professionals, thereby increasing orders for the socks to be stocked and sold by golf shops. Additional sales resulted from individual customer orders as the socks became better known. Testimony indicated that results of this type of promotional activity ordinarily appear "way down the road" and indirectly.

The American Amateur Golf Classic was a prestigious tournament attended by many people expected to be future golf professionals and potential customers of Monarch. Before traveling to the tournament, Keziah told two persons on separate occasions that he viewed the trip as an opportunity to promote the golf socks sold by his company. Also, the president of Monarch testified that Keziah told him the tournament was an opportunity to "meet a lot of people down there, and in that respect, the way he operated, . . . it would have been business orientated [sic] to him." Defendants have not excepted to the admission of those statements. Such hearsay testimony is competent evidence, admissible on two separate grounds as exceptions to the general rule of inadmissibility. *Long v. Paving Co.*, 47 N.C. App. 564, 570-72, 268 S.E. 2d 1, 5-6 (1980).

Monarch's president prepared and signed the workers' compensation claim form which indicates Keziah died on a "business trip." Keziah was to be paid a salary during the week he spent at

the tournament, and Monarch did not consider him to be on vacation. He used Monarch's American Express card to pay for his hotel room and a meal, charges which were later paid by Monarch. Monarch donated thirty-five dozen golf socks to the tournament for distribution to participants. During the week, Keziah returned a business call to a previous customer and, apparently, then called Monarch to place the customer's order for golf socks.

The above competent evidence indicates that both Keziah and Monarch considered the trip a "business trip," and that Keziah's participation in the tournament was consistent with his customary business practices. From the evidence, it was reasonable for the Commission to infer and to find that "a principal purpose of his participation in the . . . tournament was the furtherance of his employer's business." A finding supported by competent evidence is binding on appeal. *Perry v. Bakeries Co.*, 262 N.C. 272, 274, 136 S.E. 2d 643, 645 (1964); *Pennington v. Flame Refractories, Inc.*, 53 N.C. App. 584, 586, 281 S.E. 2d 463, 465 (1981).

Defendants argue that other evidence in the record indicates that Keziah may have had personal, non-business reasons for going to the tournament. They point out that he was a golf enthusiast who enjoyed the opportunity to play in the prestigious invitation-only tournament. However, where competent evidence supports the findings of the Commission, this Court does not re-evaluate the weight of conflicting evidence. Further, the Workers' Compensation Act should be liberally construed to effectuate its purpose to provide compensation for injured employees or their dependents; its benefits should not be denied by a technical, narrow, and strict construction. *Hinson v. Creech*, 286 N.C. 156, 161, 209 S.E. 2d 471, 475 (1974).

Pursuant to N.C. Gen. Stat. § 97-2(6), a compensable injury under the Workers' Compensation Act must be one "arising out of and in the course of the employment." An injury is said to arise out of and in the course of the employment when it occurs while the employee is engaged in a duty which he or she is authorized to undertake and which is calculated to further, directly or indirectly, the employer's business. *Martin v. Bonclarken Assembly*, 296 N.C. 540, 544, 251 S.E. 2d 403, 405 (1979); *Long v. Paving Co.*, 47 N.C. App. 564, 566, 268 S.E. 2d 1, 3 (1980).

It is undisputed that the employer-employee relationship existed at the time of Keziah's death and that he died in an accident during his return from the Pensacola trip. The record indicates that Keziah's position in the company permitted him much discretion in his business activities. Additionally, Keziah had informed Monarch's president of his trip plans two or three days before his departure.

From its permissible finding that Keziah's participation in the tournament was calculated to further Monarch's business, the Commission reasonably concluded that the fatal injuries Keziah sustained during his return trip arose out of and in the course of his employment. Therefore, his widow was entitled to compensation, and the order and award must be affirmed.

Affirmed.

Judges JOHNSON and PHILLIPS concur.