RONALD H. GALLIMORE, EMPLOYEE, PLAINTIFF v. DANIELS CONSTRUCTION
    COMPANY, EMPLOYER, AND U. S. FIDELITY & GUARANTY INSURANCE
    CO., CARRIER, DEFENDANTS

No. 8518IC531

(Filed 21 January 1986)

1. **Master and Servant § 93.2— workers' compensation—hearsay testimony—similar evidence admitted without objection—no error**

      There was no prejudicial error where the Industrial Commission allowed
   plaintiff to testify that the Duke University Compensation Office had told him
   that he would not be admitted to the hospital without an authorization from
   the insurance carrier where defendants failed to object to later testimony by
   plaintiff that he had not been admitted to the hospital because he lacked funds
   or insurance to pay the bill or to testimony from defendant's senior adjuster
   that implicitly included the insurance company's understanding that the
   hospital would not admit the patient without company authorization. N.C.G.S.
   8C-1, Rule 802.

2. **Master and Servant § 75— hospital expenses—defendant's failure to act on request for authorization—bad faith**

      The Industrial Commission did not err by ordering defendants to pay
   plaintiff's medical expenses incurred beyond the 31 May cutoff date of an ap-
   proved compromise agreement where the Commission found that the insurance
   company had agreed to pay all necessary medical expenses through 31 May
   and plaintiff had waived any and all rights to reopen a claim for further com-
   pensation; plaintiff urgently needed medical attention relating to his industrial
   injury but was denied admission to the hospital until the insurance company
   authorized the hospitalization or until funds were advanced; plaintiff's doctor
   wrote the insurance company that plaintiff urgently needed readmission; the
   letter was dated 12 May and was received by the person handling plaintiff's
   claim on behalf of the insurance company on 16 May; defendant took no action;
   and defendant admitted that it did not authorize the hospitalization because it
   wouldn't have to pay if the hospitalization could be delayed until after May 31.
   Defendants breached their duty of good faith and fair dealing by acting to
   delay the treatment until after 31 May; however, defendant was only liable for
   the portion of the costs that would have been incurred prior to 31 May if
   defendant had acted properly and in good faith.

      APPEAL by defendants from the North Carolina Industrial
Commission. Opinion and Award filed 12 February 1985. Heard in
the Court of Appeals 19 November 1985.

      The Industrial Commission awarded plaintiff compensation
benefits and adopted as its own the Opinion and Award of the
hearing commissioner, which in pertinent part provided:

This matter, which is one of admitted liability and was thereafter the subject of an approved Compromise Settlement Agreement, was heard . . . upon the issue of defendants' obligation for the payment of medical expenses pursuant to the terms of said agreement . . . which . . . provided that "defendants shall pay all medical expenses incurred by plaintiff as a result of the injury through May 31, 1983, and no further, when bills for the same have been submitted to the Commission through the insurance carrier."

. . . .

### FINDINGS OF FACT

1. Due to his use and subsequent abuse, of narcotic drugs in an attempt to control the chronic pain syndrome resulting from the injury by accident giving rise hereto and thus as a direct, natural and unavoidable consequence of the same injury, plaintiff developed, prior to May 31, 1983, a dependence to one of such drugs; namely, Tylox, and as a direct result thereof was then un [sic] urgent need of a readmission to Duke University Medical Center for further treatment of his chronic pain syndrome with its associated drug dependence and depression. Although defendants were aware, as a result of Dr. Gianturco's May 12, 1983 correspondence directed thereto, of not only plaintiff's urgent need to be rehospitalized for further medical treatment, but the reasons therefor; by May 23, 1983 correspondence directed to the Industrial Commission and based upon their assertion that plaintiff's drug dependency was not related to his compensable May 2, 1978 back injury, they refused to authorize the same and therefore, while he had incurred the urgent need for the disputed further medical treatment prior to the date in question (May 31), plaintiff was not then independently financially able to obtain the needed hospital admission and was only thereafter (in June of the same year) able to do so by making a $1,000.00 advance to the involved institution.

2. In that the hereinabove described further medical treatment was not only designed to effect a cure of, or provide needed relief from, plaintiff's chronic pain syndrome with its associated drug dependency and depression, which,

Gallimore v. Daniels Construction Co.

as aforesaid, arose as a direct, natural and unavoidable consequence of the injury by accident giving rise hereto, but subsequently tended to do so; the same medical treatment is of the type that defendants are obligated to provide and the fact that he did not actually obtain his needed hospital admission until after May 31, 1983 is irrelevant to defendants present obligation to bear the costs thereof when plaintiff's inability to earlier do so was a direct result of defendants unjustified refusal to authorize the same treatment.

\*     \*     \*     \*

. . . .

### CONCLUSIONS OF LAW

For the reasons stated in the findings of fact hereinabove, defendants are obligated to provide all medical expenses incurred by plaintiff as a result of his disputed June 1, 1983 admission to Duke University Medical Center when bills for the same are submitted, through the carrier, to the Industrial Commission for approval and are approved by the Commission, including as part thereof, reimbursement of his $1,000.00 advance made to the same institution in order to obtain the admission thereto. G.S. 97-25.

\*     \*     \*     \*

Based upon the foregoing findings of fact and conclusions of law the undersigned enters the following

### AWARD

1. Defendants shall pay all of plaintiff's medical expenses resulting from his disputed June 1, 1983 admission to Duke University Medical Center when bills for the same are submitted, through the carrier, to the Industrial Commission for approval and are approved by the Commission, including as part thereof direct reimbursement to plaintiff of the $1,000.00 advance made by him to the same institution or to obtain the hospital admission thereto. . . .

From the Opinion and Award of the Industrial Commission, defendants appealed to this Court.

Gallimore v. Daniels Construction Co.

*Stephen E. Lawing for plaintiff appellee.*

*Wyatt, Early, Harris, Wheeler & Hauser, by Kim R. Bauman, for defendant appellants.*

ARNOLD, Judge.

[1]  Defendants contend that the Commission erred in allowing plaintiff to testify concerning his conversations with persons in the Duke University Compensation Office. Defendants assert such testimony was hearsay, material and prejudicial. Specifically defendants cite the following:

> Q. (Mr. Lawing, attorney for plaintiff) Go ahead tell us about that.
>
> A. (Plaintiff) Okay. They had me up—the bed there April 29 to be in, but they couldn't admit me on account of the— there was no authorization of insurance to pay for the bill and . . .
>
> MR. BAUMAN (attorney for defendants): Objection as to that portion of his testimony.
>
> THE COURT: That is Duke Compensation office telling you this?
>
> A. Yeah.
>
> THE COURT: Let me just—that was their compensation office telling you without an authorization of the carrier, they would not admit you?
>
> A. Yeah, I'm sorry.
>
> THE COURT: Overruled . . .

Assuming *arguendo* that this testimony was hearsay and should have been excluded per Rule 802 of the North Carolina Rules of Evidence, defendants failed to object to the following testimony by plaintiff:

> Q. (Mr. Lawing) And, were you admitted [to the hospital] on April 29 of 1983?
>
> A. (Plaintiff) No.

Q. Why not?

A. No funds to pay the bill and no insurance.

It is the well-established rule that the admission of evidence without objection waives prior or subsequent objection to the admission of evidence of a similar character. *State v. Campbell,* 296 N.C. 394, 250 S.E. 2d 228 (1979); *Moore v. Reynolds,* 63 N.C. App. 160, 303 S.E. 2d 839 (1983). Defendants in this instance waived the benefit of their objection.

The testimony of defendants' own witness Gregory Victor Haaker, the Senior Insurance Adjuster for defendant U. S. Fidelity & Guaranty Insurance Co., also renders harmless any alleged prejudicial effect of the admission of the testimony in question. The witness Haaker testified that he received a letter on 16 May 1983 from Dr. Gianturco stating that plaintiff urgently needed to be hospitalized. The witness also testified that the insurance company took no action after receiving the letter because the company knew it would not have to pay for the hospitalization if such hospitalization occurred after 31 May 1983—the last date for which the insurance company was obligated under the compromise agreement for the costs of defendants' medical treatment. Implicit in this testimony is the insurance company's understanding that the hospital would not admit the patient without company authorization.

[2] Defendants also contend that the Commission erred in ordering them to pay plaintiff's medical expenses incurred beyond the 31 May 1983 "cutoff date" of the approved compromise agreement because defendants have fully complied with the terms of the agreement by paying every medical bill submitted to them which was incurred prior to 31 May 1983. Defendants further argue there is no evidence of fraud, misrepresentation, undue influence or mutual mistake necessary to set aside the terms of the agreement.

However, the issue in this case is neither the validity of the agreement nor whether all bills incurred prior to 31 May 1983 have been paid, but rather the conduct of defendants in view of the intent of the compromise agreement. Every contract or agreement implies good faith and fair dealing between the parties to it, and a duty of cooperation on the part of both parties. 17 Am. Jur.

2d, Contracts § 256; Restatement, Contracts 2d § 205. In determining whether or not defendants have breached this duty of good faith and fair dealing, we are bound by the findings of fact of the Industrial Commission. G.S. 97-86. The facts as found and adopted by the Commission reveal the following: The insurance company agreed to pay all necessary medical expenses incurred by the plaintiff through 31 May 1983, while plaintiff waived any and all rights to reopen a claim for further compensation. Plaintiff urgently needed medical attention relating to his industrial injury but was denied admission to the hospital until the insurance company authorized the hospitalization or until funds were advanced. Plaintiff's doctor wrote the insurance company that "Mr. Gallimore urgently needs readmission to Duke Hospital for treatment. . . ." The letter was dated 12 May 1983 and was received by Gregory Victor Haaker, the person handling plaintiff's claim on behalf of the insurance company, on 16 May 1983. In spite of receiving this correspondence, defendants took no action and did not authorize the urgently needed hospitalization. Mr. Haaker stated at trial the reason why no action was taken:

> Q. (Mr. Lawing) And, the reason you didn't [authorize the hospitalization] was because you knew you wouldn't have to pay it, if you could delay it until after May 31, didn't you?
>
> A. That's my recollection.

We find defendants have breached their duty of good faith and fair dealing by acting to delay the treatment until after 31 May 1983. Therefore defendants may not now claim that plaintiff cannot recover the expenses incurred after that date.

We do not however find that defendants should be responsible for all the costs of the medical treatment. Defendants were not notified of the need to grant the authorization until 16 May 1983. Plaintiff's hospitalization lasted 17 days. Even if defendants had acted promptly and in good faith, the medical treatment would have carried past the 31 May 1983 "cutoff date." We therefore remand this case to determine how soon after notification the insurance company could have reasonably granted the authorization and to determine what portion of the costs would have then occurred prior to 31 May 1983, for which defendant is liable.

Modified and remanded.

Judges WELLS and PARKER concur.