The undersigned have reviewed the Award based upon the record of the proceedings before the Deputy Commissioner.
The appealing party has shown good grounds to reconsider the evidence. However, upon reconsideration of the evidence, the undersigned reach the same facts and conclusions as those reached by the Deputy Commissioner. Neither party here requested the Full Commission to receive further evidence or to rehear the parties or their representatives. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
Accordingly, the Full Commission find as fact and conclude as matters of law the following, which were entered into by the parties as
STIPULATIONS
1. The parties are subject to and bound by the provisions of the Workers' Compensation Act.
2. The employer-employee relationship existed between plaintiff and defendant-employer.
3. Harleysville Insurance Company was the compensation carrier on the risk.
4. Plaintiff's average weekly wage was $360.00.
5. The date of alleged injury was 24 November 1993.
6. Plaintiff's date of birth is 22 April 1949.
7. Plaintiff has a sixth grade education.
8. Plaintiff was first employed with defendant-employer beginning 7 June 1993.
The parties also stipulated to the following:
(a) Seven pages of records from Timberlyne Family Medical Center.
(b) Nine pages from Comprehensive Physical Therapy center.
 (c) Fifteen pages from the University of North Carolina Hospitals Orthopaedic Clinic.
(d) One page from Dr. Gary Bos.
The parties also stipulated that plaintiff received unemployment insurance benefits in the amount of $3,306.00 for the period beginning 12 March 1994 and ending 23 July 1994.
* * * * * * * * * * * * *
The Full Commission adopt as their own all findings of fact found by the Deputy Commissioner, with minor technical modifications, as follows:
Based upon the competent and convincing evidence adduced at the hearing, the undersigned make the following additional
FINDINGS OF FACT
1. Plaintiff was employed by defendant-employer as a form carpenter. This involved building and setting steel and plywood forms measuring six feet by two feet and weighing 60 pounds.
2. On 23 November 1993 plaintiff was working on the Land-field job in Alamance County, where defendant-employer was building a 20-foot high retaining wall. Defendant-employer had been working on this job since 29 September 1993. This particular retaining wall was constructed of three rows of forms, one on top of the other. The first row (the one that ran across the ground) was made of 8-foot high forms. The second row was made of 6-foot high forms. Plaintiff's job on 22 and 23 November 1993 was to help set another row of 6-foot high forms on top of the bottom two rows.
To accomplish this, plaintiff was standing no higher than 14 feet off the ground. There was a man standing on the ground who would hand the form to a guy in the middle, who would then hand the form up to plaintiff and help plaintiff guide the form into place. Plaintiff wore a safety harness and would reach down and would grab the form from the middle man. This was the usual and customary way to set forms. This was not usually done by crane. Plaintiff had "hand-set" similar forms at these same heights before, and it was a normal part of his job.
3. Plaintiff stated at the initial hearing that the onset of his right arm pain was associated with grabbing a particular form which was swinging and which twisted his arm when he grabbed it. This is not the history he gave his treating physicians and is not accepted by the undersigned as credible or convincing. On 29 November 1993 he told the doctor at the Timberlyne Family Medical Center that after working all day lifting heavy concrete forms he noted the onset of severe pain. He denied specific trauma. At the UNC Orthopaedic Clinic on 22 December 1993 plaintiff denied acute onset of pain and said that the pain occurred in the evening after lifting up heavy concrete reinforcements. Finally, in a recorded statement given shortly after the injury, plaintiff said that his right arm was hurting that morning because he had been doing it (lifting forms) the day before, that he did not feel any pain right at the time he lifted a form, but by quitting time that day it was hurting pretty bad. It was not until after he retained an attorney that plaintiff began describing the onset of this pain as being associated with an alleged interruption of his work routine by either working higher off the ground than he ever had before, and/or by his arm being twisted by a swinging form.
4. While plaintiff did develop right arm pain while setting forms on his job, he was performing his usual and customary job in routine fashion when he developed the problem. The injury was not the result of an interruption of his regular work routine and the introduction thereby of unusual conditions likely to result in unexpected consequences. Contrary testimony of plaintiff or corroborating witness, Robert Cates, is not accepted as credible or convincing by the undersigned in light of the numerous inconsistencies in plaintiff's versions of what occurred.
* * * * * * * * * * * * * *
Based upon the findings of fact as found by the Deputy Commissioner and adopted by the Full Commission, the Full Commission find as follows:
CONCLUSION OF LAW
1. Plaintiff did not sustain an injury by accident arising out of and in the course of his employment with defendant-employer on either November 23 or November 24, 1993, and therefore his claim must be denied. G.S. 97-2 (6).
2. It is well established that the Industrial Commission is the sole judge of credibility and weight to be given the testimony at hearing, and may accept or reject any or all of the testimony of a witness. Blalock v. Roberts Co., 12 N.C. App. 499, 183 S.E.2d 827 (1971). Although the Full Commission has the power to review determinations made by its Deputy Commissioners on the credibility of witnesses, the hearing officer is the best judge of the credibility of witnesses because he is the firsthand observer of the witnesses whose testimony must be weighed and then accepted or rejected. Pollard v. Krispy Waffle # 1, 63 N.C. App. 354,304 S.E.2d 762 (1983). Finally, it is noted that the Industrial Commission has the duty and authority to resolve conflicts in the evidence, and the conflicts need not be resolved in favor of the claimant. Cauble v. Macke Co., 78 N.C. App. 793, 338 S.E.2d 320
(1986).
3. Plaintiff has alleged on appeal that the statements contained in doctors' reports and the recorded statement from plaintiff are inadmissible hearsay and should therefore be stricken from consideration as to the truthfulness of statements contained therein. "Hearsay" is "a statement, other than one made by a declarant while testifying at a trial or hearing, offered in evidence to prove the truth of the matter asserted." Rule 801 (c), North Carolina Rules of Evidence; Long v. Asphalt Paving Co.,47 N.C. App. 564, 567, 268 S.E.2d 1, (1980). Pursuant to Rule 103 (a) of the Rules of Evidence, "error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and (1) "[i]n case the ruling is one admitting evidence, a timely objection or motion to strike appears of record. No particular form is required in order to preserve the right to assert the alleged error upon appeal if the motion or objection clearly presented the alleged error to the trial court." Id. In addition, "[i]t is the well-established rule that admission of evidence without objection waives prior or subsequent objection to the admission of evidence of a similar character." Gallimore v. Daniels Construction Co., 78 N.C. App. 747,751, 338 S.E.2d 317 (1986).
It should be noted that the medical reports were stipulated into evidence without objection as to the content by plaintiff, and plaintiff made the decision not to depose the doctors at that time due to the liability issue being the only issue before the Commission at this time. Exh., p. 8. Accordingly, plaintiff has clearly waived the right to object to those records at this time. Similarly, as to the recorded interview of plaintiff, plaintiff's counsel, when specifically asked as to an objection, stated that he had no objection, and thus the interview was admitted into the record. Tr. p. 69. Thus, plaintiff has again waived the right to claim a hearsay objection at this point.
Therefore, the Full Commission have decided to allow a the aforementioned evidence to remain in the record for reconsideration as to how plantiff was injured.
The undersigned find that even if plaintiff had properly objected to these records, they would have been admitted over the objection at least for the limited purpose of impeaching plaintiff's credibility with the inconsistencies of his statements, if not for offering proof as to how plaintiff's injury, in actuality, occurred.
* * * * * * * * * * * * * *
Based upon these conclusions of law, the Full Commission have determined there exists no basis for amending the Award. Accordingly, the foregoing stipulations, findings of fact, and conclusions of law engender the following:
ORDER
1. Plaintiff's claim is HEREBY DENIED.
2. Each side shall pay its own costs.
IT IS FURTHER ORDERED that this case be REMOVED from the Full Commission hearing docket.
This the __________ day of ________________________, 1995.
 S/ __________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ ________________ J. RANDOLPH WARD COMMISSIONER
S/ _____________ COY M. VANCE COMMISSIONER
JHB/nwm 03/29/95